1  James A. Dumas (SBN 76284)
   Christian T. Kim (SBN 231017)
2  DUMAS & KIM, APC
   3435 Wilshire Boulevard, Suite 990
3  Los Angeles, California 90010
   Phone:    213-368-5000
4  Fax:       213-368-5009

5  Attorneys for Chapter 7 Trustee and Plaintiff,
   Sam S. Leslie

6

7                  **UNITED STATES BANKRUPTCY COURT**

8                  **CENTRAL DISTRICT OF CALIFORNIA**

                   **LOS ANGELES DIVISION**

9

10 In re:

11                                              Case No: 2:16-bk-22420-SK

12 VANNESA ELISA LY,                            [Chapter 7]

13       Debtor.                                Adversary No.: 2:17-ap-01271-SK

14 ──────────────────────────────

15 SAM S. LESLIE, Chapter 7 Bankruptcy Trustee of
   VANNESA ELISA LY,                            **PROOF OF SERVICES OF COMPLAINT**
16                                              **FOR: 1) TURNOVER AND ACCOUNTING;**
         Plaintiff,                             **2) AVOIDANCE AND RECOVERY OF**
17                                              **FRAUDULENT TRANSFERS 3)**
         v.                                     **DECLARATORY RELIEF 4)**
18                                              **CONVERSION 5) CONSPIRACY TO**
   BRAD LIN, an individual, VANNESA ELISA LY,   **DEFRAUD; AND 6) BREACH OF IMPLIED**
19 a/k/a VANNESA LY, a/k/a VANNARA CHEAM,       **AGREEMENT; ADVERSARY**
   a/k/a VANNY LY, an individual, CORPRO        **PROCEEDING COVER SHEET;**
20 SERVICES, INC., a California corporation,    **PROCEDURES REGARDING**
   GOLDEN PACIFIC INVESTMENT, INC., a           **TELEPHONIC APPEARANCES;**
21 Nevada corporation, 1438 EAST HOLT, LLC, a   **SUUMONS AND NOTICE OF STATUS**
   California limited liability company, JUVA   **CONFERENCE IN ADVERSARY**
22 INVESTMENTS, LLC, a California limited        **PROCEEDING [LBR 7004-1]**
   liability company, 1504 EAST DEXTER, LLC, a
23 California limited liability company, KAI     **[11. U.S.C. §§ 105(a), 542, 544, 548, 550]**
   INDUSTRIES, LLC, a California limited liability
24 company, KKL CAMERON, LLC, a California
   limited liability company, JUVA INC., a California
25 corporation, and DOES 1 – 50, inclusive,

26

27       Defendants.

28

                                  1

| In re:  VANNESA ELISA LY | CHAPTER: 7 |
|---|---|
| Leslie v. Lin | CASE NUMBER: 2:16-bk-22420-SK |
| | ADV. CASE NUMBER: 2:17-ap-01271-SK |
| Debtor(s). | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3435 Wilshire Blvd., Ste. 990, Los Angeles, CA 90010.

A true and correct copy of the foregoing document entitled (specify): ***Adversary Proceeding Cover Sheet, Complaint, Procedures Regarding Telephonic Appearances, Summons and Notice of Status Conference in Adversary Procedure(LBR 7004-1)*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) ***May 12, 2017***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

James A Dumas     jdumas@dumas-law.com, jdumas@ecf.inforuptcy.com
Christian T Kim    ckim@dumas-law.com, ckim@ecf.inforuptcy.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) ***May 12, 2017***, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Vannesa Elisa Ly
13519 Foster Ave #A
Baldwin Park, CA 91706

Brad Lin
13519 Foster Ave #A
Baldwin Park, CA 91706

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) ***May 12, 2017***, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
Honorable Sandra R. Klein
255 E. Temple Street, Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| ***May 12, 2017*** | Danielle M. Landeros | */s/ Danielle M. Landeros* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

| In re: VANNESA ELISA LY<br>Leslie v. Lin | CHAPTER: 7 |
| | CASE NUMBER: 2:16-bk-22420-SK |
| | ADV. CASE NUMBER: 2:17-ap-01271-SK |
| Debtor(s). | |

Gionanni Orantes, Esq.
ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd., Ste. 2920
Los Angeles, CA 90010

Brad Lin
19702 Cameron Avenue
Covina CA 91724

Brad Lin
1504 E. Dexter Street
Covina, CA 91724

Brad Lin
329 W. Spring Street
Long Beach, California 90806

1438 EAST HOLT, LLC, a California limited liability company
Agent for Service of Process: Jimmy Chim
964 E. Badillo #114
Covina, CA 91724

1504 EAST DEXTER, LLC, a California limited liability company
Agent for Service of Process: Jimmy Chim
964 E. Badillo #114
Covina, CA 91724

CORPRO SERVICES, INC., a California corporation
Agent for Service of Process: Meng Hak Cheam
13519 Foster Ave
Baldwin Park, CA 91706

GOLDEN PACIFIC INVESTMENT, INC., a Nevada corporation
Agent for Service of Process Roland Rivera
8857 Diamond Wood Court
Las Vegas, NV 89139

JUVA INC., a California corporation
Agent for Service of Process: Justin Lynch
15855 E. Edna Ste., #25
Irwindale, CA 91706

JUVA INVESTMENTS, LLC, a California limited liability company
Agent for Service of Process: Justin G. Lynch
15855 E. Edna Ste., #25
Irwindale, CA 91706

KAI INDUSTRIES, LLC, a California limited liability company
Agent for Service of Process: Vannesa Ly
13519 Foster Ave
Baldwin Park, CA 91706

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    **F 9013-3.1.PROOF.SERVICE**

| In re: VANNESA ELISA LY<br>Leslie v. Lin | CHAPTER: 7 |
|---|---|
| | CASE NUMBER: 2:16-bk-22420-SK |
| | ADV. CASE NUMBER: 2:17-ap-01271-SK |
| Debtor(s). | |

KKL CAMERON, LLC, a California limited liability company
Agent for Service of Process: Justin G. Lynch
15855 E. Edna Ste., #25
Irwindale, CA 917

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>SAM S. LESLIE, Chapter 7 Bankruptcy Trustee of VANNESA ELISA LY | DEFENDANTS<br>BRAD LIN, an individual, VANNESA ELISA LY, a/k/a VANNESA LY, a/k/a VANNARA CHEAM, a/k/a VANNY LY, an individual, CORPRO SERVICES, INC., a California corporation, GOLDEN PACIFIC INVESTMENT, INC., a Nevada corporation, 1438 EAST HOLT, LLC, a California limited liability company, JUVA INVESTMENTS, LLC, a California limited liability company, 1504 EAST DEXTER, LLC, a California limited liability company, KAI INDUSTRIES, LLC, a California limited liability company, KKL CAMERON, LLC, a California limited liability company, JUVA INC., a California corporation, and DOES 1 – 50, inclusive, |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>DUMAS & KIM, APC.<br>Christian T. Kim, Esq.<br>3435 WIlshire Blvd., Ste. 990<br>Los Angeles, CA 90010<br>213/368-5000 Fax: 213/368-5009<br>Email: ckim@dumas-law.com | ATTORNEYS (If Known)<br>Giovanni Orantes, Esq., Attorney for Debtor Vannesa E. Ly<br>ORANTES LAW FIRM, P.C.<br>3435 Wilshire Blvd Ste 2920<br>Los Angeles, CA 90010<br>Phone Number: (213) 389-4362<br>e-mail: go@gobklaw.com |

| PARTY (Check One Box Only)<br>☐ Debtor    ☑ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
COMPLAINT FOR: 1) TURNOVER AND ACCOUNTING; 2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; 3) DECLARATORY RELIEF; 4) CONVERSION; 5) CONSPIRACY TO DEFRAUD; AND 6) BREACH OF IMPLIED AGREEMENT [11. U.S.C. §§ 105(a), 542, 544, 548, 550]

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) - Recovery of Money/Property**<br>[ X ] 11-Recovery of money/property - §542 turnover of property<br>[ ] 12-Recovery of money/property - §547 preference<br>[ X ] 13-Recovery of money/property - §548 fraudulent transfer<br>[ X ] 14-Recovery of money/property - other | **FRBP 7001(6) - Dischargeability (continued)**<br>[ ] 61-Dischargeability - §523(a)(5), domestic support<br>[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury<br>[ ] 63-Dischargeability - §523(a)(8), student loan<br>[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>(other than domestic support)<br>[ ] 65-Dischargeability - other |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien**<br>[ ] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief**<br>[ ] 71-Injunctive relief - imposition of stay |
| **FRBP 7001(3) - Approval of Sale of Property**<br>[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h) | [ ] 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge**<br>[ ] 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>[ ] 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation**<br>[ ] 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>[ X ] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability**<br>[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>[ ] 62-Dischargeability - §523(a)(2), false pretenses,<br>false representation, actual fraud<br>[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary,<br>embezzlement, larceny | **FRBP 7001(10) Determination of Removed Action**<br>[ ] 01-Determination of removed claim or cause<br><br>**Other**<br>[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*<br>[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| (continued next column) | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ According to proof |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>Vannesa Elisa Ly | | **BANKRUPTCY CASE NO.**<br>2:16-bk-22420-SK |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISION OFFICE**<br>Los Angeles | **NAME OF JUDGE**<br>Honorable Sandra Klein |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF**<br>Sam S. Leslie, Chp. 7 Bankruptcy<br>Trustee of Vannesa Elisa Ly | **DEFENDANT**<br>Vannesa Elisa Ly | **ADVERSARY PROCEEDING NO.**<br>2:16-ap-01482-SK |
| **DISTRICT IN WHICH ADVERSARY IS PENDING**<br>Central District of California | **DIVISION OFFICE**<br>Los Angeles | **NAME OF JUDGE**<br>Honorable Sandra Klein |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE**<br>May 11, 2017 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Christian T. Kim | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS & KIM, APC
3435 Wilshire Boulevard, Suite 990
Los Angeles, California 90010
Phone:   213-368-5000
Fax:     213-368-5009

Attorneys for Chapter 7 Trustee and Plaintiff,
Sam S. Leslie

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>VANNESA ELISA LY,<br><br>      Debtor.<br><br>———————————————————<br>SAM S. LESLIE, Chapter 7 Bankruptcy Trustee of VANNESA ELISA LY,<br><br>      Plaintiff,<br><br>           v.<br><br>BRAD LIN, an individual, VANNESA ELISA LY, a/k/a VANNESA LY, a/k/a VANNARA CHEAM, a/k/a VANNY LY, an individual, CORPRO SERVICES, INC., a California corporation, GOLDEN PACIFIC INVESTMENT, INC., a Nevada corporation, 1438 EAST HOLT, LLC, a California limited liability company, JUVA INVESTMENTS, LLC, a California limited liability company, 1504 EAST DEXTER, LLC, a California limited liability company, KAI INDUSTRIES, LLC, a California limited liability company, KKL CAMERON, LLC, a California limited liability company, JUVA INC., a California corporation, and DOES 1 – 50, inclusive,<br><br>      Defendants. | Case No: 2:16-bk-22420-SK<br><br>[Chapter 7]<br><br>Adversary No.:<br><br><br>**COMPLAINT FOR:**<br>**(1) TURNOVER AND ACCOUNTING;**<br>**(2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS;**<br>**(3) DECLARATORY RELIEF;**<br>**(4) CONVERSION;**<br>**(5) CONSPIRACY TO DEFRAUD; AND**<br>**(6) BREACH OF IMPLIED AGREEMENT**<br><br>**[11. U.S.C. §§ 105(a), 542, 544, 548, 550]** |

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, AND THE ABOVE-CAPTIONED DEFENDANTS:**

Plaintiff, Sam S. Leslie, the duly appointed and acting chapter 7 bankruptcy trustee for the debtor, Vannesa Elisa Ly, complains against the above-captioned defendants (collectively, the "Defendants"), and each of them, as follows:

## I.

## PARTIES AND JURISDICTION

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157, and this is a core proceeding under 28 U.S.C. §§157(b)(1), 157(b)(2)(A), (E), (H), (J), (K), or (O).  In the event this proceeding is determined to include non-core claims for relief, the Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court as to any such claims.  Venue in the Central District of California, Los Angeles Division (the "Bankruptcy Court"), is proper pursuant to 28 U.S.C. §1409 in that this adversary proceeding is related to the bankruptcy case of Vannesa Elisa Ly, bearing case number 2:16-bk-22420-SK, (the "Bankruptcy Case") presently pending under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court.

2.    Plaintiff Sam S. Leslie is the duly appointed and acting chapter 7 trustee ("Plaintiff" or "Trustee") of the bankruptcy estate of the debtor, Vannesa Ly.  Vannesa Ly commenced her case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court, on September 19, 2016. ("Petition Date")

3.    Defendant, BRAD LIN, ("LIN") is, and at all times all times alleged herein, an individual residing in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court.  Plaintiff is informed and believes and thereon alleges that LIN is the nonmarital partner of the Vannesa Ly and lives with Vannesa Ly.

4.    Defendant, VANNESA ELISA LY, a/k/a VANNESA LY, a/k/a VANNARA CHEAM, a/k/a VANNY LY ("Debtor" or "LY"), is and at all times all times alleged herein, an individual residing in the County of Los Angeles in the State of California and subject to the

jurisdiction of this Court.

5.    Defendant, CORPRO SERVICES, INC. ("CORPRO") is, and at all times all times alleged herein, a California corporation located and doing business in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court. Plaintiff is informed and believes and thereon alleges that, the Debtor wholly owns or controls CORPRO.

6.    Defendant, GOLDEN PACIFIC INVESTMENT, INC. ("GOLDEN PACIFIC") is, and at all times all times alleged herein, a Nevada corporation doing business in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court. Plaintiff is informed and believes and thereon alleges that, the Debtor wholly owns or controls GOLDEN PACIFIC.

7.    Defendant, 1438 EAST HOLT, LLC ("HOLT") is, and at all times all times alleged herein, a California limited liability company located and doing business in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court. Plaintiff is informed and believes and thereon alleges that, the Debtor owns or controls HOLT, with her nonmarital partner, defendant LIN. Plaintiff is informed and believes and thereon alleges that LIN is the managing member of HOLT.

8.    Defendant, JUVA INVESTMENTS, LLC ("JUVA INVESTMENTS") is, and at all times all times alleged herein, a California limited liability company located and doing business in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court. Plaintiff is informed and believes and thereon alleges that, the Debtor owns or controls JUVA INVESTMENTS, with her nonmarital partner, defendant LIN.

9.    Defendant, 1504 EAST DEXTER, LLC ("DEXTER") is, and at all times all times alleged herein, a California limited liability company located and doing business in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court. Plaintiff is informed and believes and thereon alleges that, the Debtor owns or controls DEXTER, with her nonmarital partner, defendant LIN.

10.    Defendant, KAI INDUSTRIES, LLC, ("KAI INDUSTRIES") is, and at all times all times alleged herein, a California limited liability company located and doing business in the County of Los Angeles in the State of California and subject to the jurisdiction of this Court. Plaintiff is

1  informed and believes and thereon alleges that, the Debtor owns or controls KAI, with her nonmarital

2  partner, defendant LIN.

3       11.     Defendant, KKL CAMERON, LLC ("CAMERON") is, and at all times all times

4  alleged herein, a California limited liability company located and doing business in the County of Los

5  Angeles in the State of California and subject to the jurisdiction of this Court.  Plaintiff is informed

6  and believes and thereon alleges that, the Debtor owns or controls CAMERON, with her nonmarital

7  partner, defendant LIN.

8       12.     Defendant, JUVA INC. ("JUVA INC" and collectively referred to herein with

9  CORPRO, GOLDEN PACIFIC, HOLT, JUVA INVESTMENTS, DEXTER, KAI INDUSTRIES,

10  and CAMERON as the "DEBTOR ENTITIES") is, and at all times all times alleged herein, a

11  California limited liability company located and doing business in the County of Los Angeles in the

12  State of California and subject to the jurisdiction of this Court.  Plaintiff is informed and believes and

13  thereon alleges that, the Debtor owns or controls JUVA INC, with her nonmarital partner, defendant

14  LIN.

15       13.     The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

16  therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this

17  Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed

18  and believes and thereon alleges that, each of the fictitiously named defendants are in some manner

19  responsible, liable, and/or obligated to Plaintiff in connection with the acts alleged herein.

20       14.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of

21  them, and Does 1 through 50 are the controlling entities and/or alter-egos of the other Defendants,

22  and of each other, and ratified, authorized, and/or directed the conduct of the named Defendants.  In

23  doing the things hereinafter alleged, Defendants, and each of them, acted as the agents, servants and

24  employees of the Defendants, who acted within the course and scope of their agency and

25  employment, and with knowledge, consent and approval of their Co-Defendants whereby their

26  conduct was ratified by their Co-Defendants.

27       15.     Plaintiff is informed and believes and thereon alleges that, Defendants and Does 1

28  through 50 are co-conspirators and/or aiding and abetting the other Defendants in all wrongful action

herein alleged.  Each Defendant was aware of their co-conspirators' plan, agreed thereto, and

intended said wrongful acts, and thereafter cooperated in performing said action to achieve the goal.

## II.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

16.      Plaintiff refers to the allegations set forth in paragraph 1 through 15 hereof and

incorporates said allegations herein as if fully set forth hereat.

17.      Plaintiff is informed and believes and thereon alleges that defendant LIN and the

Debtor have lived together as nonmarital partners since at least 2011 and have a son together named

Kai Lin a/k/a Keileigh Lin.  ("KAI")  Plaintiff is further informed and believes and thereon alleges

that at since at least 2011, defendant LIN and the Debtor acted and presented themselves as a legally

married couple, including on social media websites.

18.      Plaintiff is informed and believes and thereon alleges that beginning from at least

2011, defendant LIN and the Debtor have operated as nonmarital business partners whereby

defendant LIN would assist the Debtor in hiding assets and insulating the Debtor from liability from

her creditors.

19.      Plaintiff is informed and believes and thereon alleges that, the Debtor at all times

herein mentioned owned, dominated, influenced and/or controlled each of the DEBTOR ENTITES

and the officers thereof as well as the business, property, and affairs of each of the said DEBTOR

ENTITES.

20.      Plaintiff is informed and believes and thereon alleges that, at all times since the

incorporation or formation of each, each DEBTOR ENTITY has been and now is a mere shell and

naked framework which the Debtor and defendant, LIN used as a conduit for the conduct of their

personal business, property and affairs.

21.      Plaintiff is informed and believes and thereon alleges that, at all times herein

mentioned, each of the DEBTOR ENTITES was created and continued pursuant to a fraudulent plan,

scheme and device conceived and operated by the Debtor and defendant, LIN to obtain money, real

property and other property by fraudulent means through the Debtor and hide assets through

1    defendant LIN and the DEBTOR ENTITIES.

2        22.    Plaintiff is informed and believes and thereon alleges that CORPRO is an entity

3    owned or controlled by the Debtor.  As reflected in the Statement of Information filed by the Debtor

4    on June 13, 2016, the Debtor is the Chief Executive Officer, Secretary and Chief Financial Officer of

5    CORPRO.  (A true and correct copy of the Statement of Information is attached hereto as **Exhibit**

6    **"A"** and incorporated herein by this reference.)

7        23.    Plaintiff is informed and believes and thereon alleges that CORPRO provides

8    construction and other contractor related services and is currently being used as part of the Debtor

9    and defendant, Defendants' fraudulent scheme to divert assets of the Debtor from the Debtor's

10   creditors and insulate the Debtor from liability.  The Plaintiff is informed and believes that CORPRO

11   has co-mingled its assets with the Debtor, defendant LIN and the other named DEBTOR ENTITIES.

12   CORPRO is property of the Debtor's bankruptcy estate.

13       24.    Plaintiff is informed and believes and thereon alleges that GOLDEN PACIFIC is a

14   shell corporation owned by the Debtor and currently being used as part of the Debtor and defendant,

15   and Defendants' fraudulent scheme to divert assets of the Debtor from the Debtor's creditors and

16   insulate the Debtor from liability.  The Plaintiff is informed and believes that GOLDEN PACIFIC

17   has co-mingled its assets with the Debtor, defendant LIN and the other named DEBTOR ENTITIES.

18   GOLDEN PACIFIC is property of the Debtor's bankruptcy estate.

19       **1438 E. Holt Avenue, Covina, California 91724**

20       25 .    The Plaintiff is informed and believes and thereon alleges that defendant, LIN and the

21   Debtor purchased the real property located at 1438 E. Holt Avenue, Covina, California 91724 ("Holt

22   Avenue Property") via a grant deed recorded on October 3, 2013 for a purchase price of $2,400,000.

23   Defendant LIN and the Debtor took title to the Holt Avenue Property as "Brad Lin and Vannesa Ly,

24   Husband and Wife as Joint Tenants."   (A true and correct copy of the October 3, 2013 grant deed is

25   attached hereto as **Exhibit "B"** and incorporated herein by this reference.)

26       26.    The Plaintiff is informed and believes and thereon alleges that on October 29, 2013

27   defendant, LIN and the Debtor transferred the Holt Avenue Property for $0 to "Brad Lin, a Married

28   Man, as his sole and separate property, as to an undivided 60.0000% interest and Zion S. Lin and

Lena Lenita Lin, Husband and Wife a Joint Tenants, as to an undivided 40.000% interest, all as

Tenants in Common." ("October 2013 Transfer") Plaintiff is informed and believes and thereon

alleges that Zion Lin and Lena Lin are relatives of defendant LIN and insiders of the Debtor. (A true

and correct copy of the October 29, 2013 grant deed is attached hereto as **Exhibit "C"** and

incorporated herein by this reference.)

27.     The Plaintiff is informed and believes and thereon alleges that on October 20, 2014,

defendant, LIN and the Debtor transferred the Holt Avenue Property for $0 to "Brad Lin, an

unmarried man, as to an undivided 60.0000% interest and Zion S. Lin and Lena Lenita Lin, Husband

and Wife as joint tenants, as to an undivided 40.000% interest, all as tenants in common." ("October

2014 Transfer") (A true and correct copy of the October 20, 2014 grant deed is attached hereto as

**Exhibit "D"** and incorporated herein by this reference.)

28.     The Plaintiff is informed and believes and thereon alleges that on January 9, 2015,

defendant LIN, Zion S. Lin and Lena Lin transferred their interest in the Holt Avenue Property to

defendant HOLT for $0 ("January 2015 Transfer" and collectively referred to with the October 2013

Transfer, October 2014 Transfer as the "Fraudulent Transfers") (A true and correct copy of the

January 9, 2015 grant deed is attached hereto as **Exhibit "E"** and incorporated herein by this

reference.)

29.     The Plaintiff is informed and believes and thereon alleges that on April 28, 2016,

HOLT sold the Holt Avenue Property to Roberto and Blanca Landeros for a sale price of $3,200,000.

30.     The Plaintiff is informed and believes and thereon alleges that the agent for service of

process for HOLT is an individual named Jimmy Chim. Plaintiff is informed and believes that

Jimmy Chim is a relative or insider of the Debtor or defendant LIN, has no true ownership interest in

HOLT, and the Debtor and defendant LIN only used Mr. Chim's name to disguise the fact that they

owned and controlled HOLT for the purpose of hindering, evading and frustrating the creditors of the

Debtor. Plaintiff is informed and believes and thereon alleges that Jimmy Chim was only 21 years

old at the time HOLT was formed on or about December 15, 2014. (A true and correct copy of the

Articles of Organization of HOLT filed with the California Secretary of State on December 15, 2014

is attached hereto as **Exhibit "F"** and incorporated herein by this reference.)

**1504 E. Dexter Street, Covina, CA 91724**

31.    The Plaintiff is informed and believes and thereon alleges that on or about November 14, 2014, defendant LIN purchased the real property located at 1504 E. Dexter Street, Covina, CA 91724 ("Dexter Property") for a sale price of approximately $1,100,000.

32.    The Plaintiff is informed and believes and thereon alleges that on or about June 5, 2015, defendant LIN transferred the Dexter Property to DEXTER for $0.  (A true and correct copy of the grant deed recorded on June 5, 2015 is attached hereto as **Exhibit "G"** and incorporated herein by this reference.)

33.    The Plaintiff is informed and believes and thereon alleges that the agent for service of process for DEXTER is an individual named Jimmy Chim.  Plaintiff is informed and believes that Jimmy Chim is a relative or insider of the Debtor or defendant LIN, has no true ownership interest in DEXTER, and the Debtor and defendant LIN only used Mr. Chim's name to disguise the fact that they owned and controlled DEXTER for the purpose of hindering, evading and frustrating the creditors of the Debtor.  Plaintiff is informed and believes and thereon alleges that Jimmy Chim was only 21 years old at the time DEXTER was formed on or about December 15, 2014.  (A true and correct copy of the Articles of Organization of DEXTER filed with the California Secretary of State on December 15, 2014 is attached hereto as **Exhibit "H"** and incorporated herein by this reference.)

34.    The Plaintiff is informed and believes and thereon alleges that on or about January 11, 2017, DEXTER transferred the Dexter Property to defendant LIN for $0, and after the Petition Date. (A true and correct copy of the grant deed recorded on January 11, 2017 is attached hereto as **Exhibit "I"** and incorporated herein by this reference.)

**The April 29, 2016 Entities**

35.    The Plaintiff is informed and believes and thereon alleges that on or about April 29, 2016, JUVA INVESTMENTS was formed by Justin G. Lynch, an attorney who has represented the Debtor in six separate bankruptcy cases within a span of two years, including the Debtor's current pending case, In re Vannessa Elisa Ly (2:16-bk-22420-SK) and the following five cases that were either dismissed or converted: In re Vannessa Elisa Ly (2:16-bk-16171-VZ), In re MC Pharmacy, Inc. (2:16-bk-22758-NB), In re 1415 Garfield, LLC (2:15-bk-18337-RK), In re 1425 Garfield, LLC (2:15-

1  bk-18339-RK), In re 1435 Garfield, LLC (2:15-bk-18377-RK).  Plaintiff is informed and believes

2  and thereon alleges that Justin Lynch is the agent for service of process of JUVA INVESTMENTS,

3  but has no true ownership interest or control over JUVA INVESTMENTS.  (A true and correct copy

4  of Articles of Organization of JUVA INVESTMENTS is attached hereto as **Exhibit "J"** and

5  incorporated herein by this reference.)

6       36.     The Plaintiff is informed and believes and thereon alleges that JUVA

7  INVESTMENTS was formed for the purpose of shielding assets of the Debtor and defendant, LIN, in

8  the event that the Debtor's prior bankruptcy filing in In re Vannesa Elisa Ly (2:16-bk-16171-VZ) on

9  May 10, 2016, resulted in adverse consequences to the Debtor or defendant, LIN.  The Plaintiff is

10  informed and believes and thereon alleges that JUVA INVESTMENTS is located at the office

11  address used by the Debtor and which is located in a building owned by KAI INDUSTRIES, one of

12  the DEBTOR ENTITIES.

13       37.     The Plaintiff is informed and believes and thereon alleges that on or about April 29,

14  2016, JUVA INC. was formed by Justin G. Lynch, an attorney who has represented the Debtor in six

15  separate bankruptcy cases within a span of two years.  Plaintiff is informed and believes and thereon

16  alleges that Justin Lynch is the agent for service of process for JUVA, INC. and is located at the

17  office address used by the Debtor and which is located in a building owned by KAI INDUSTRIES,

18  one of the DEBTOR ENTITIES. Plaintiff is informed and believes and thereon alleges that Justin

19  Lynch has no ownership interest or control over JUVA, INC.  (A true and correct copy of Articles of

20  Organization of JUVA INC. is attached hereto as **Exhibit "K"** and incorporated herein by this

21  reference.)

22       38.     The Plaintiff is informed and believes and thereon alleges that CAMERON was

23  formed for the purpose of shielding assets of the Debtor and defendant, LIN, in the event that the

24  Debtor's prior bankruptcy filing in In re Vannesa Elisa Ly (2:16-bk-16171-VZ) on May 10, 2016,

25  resulted in adverse consequences to the Debtor or defendant, LIN.

26       39.     The Plaintiff is informed and believes and thereon alleges that on or about April 29,

27  2016, CAMERON was formed by Justin G. Lynch, an attorney who has represented the Debtor in six

28  separate bankruptcy cases within a span of two years.  Plaintiff is informed and believes and thereon

alleges that Justin Lynch is the agent for service of process for JUVA, INC. and is located at the office address used by the Debtor and which is located in a building owned by KAI INDUSTRIES, one of the DEBTORS' ENTITIES.  Plaintiff is informed and believes and thereon alleges that Justin Lynch has no ownership interest or control over CAMERON (A true and correct copy of Articles of Organization of CAMERON is attached hereto as **Exhibit "L"** and incorporated herein by this reference.)

40.    The Plaintiff is informed and believes and thereon alleges that CAMERON was formed for the purpose of shielding assets of the Debtor and defendant, LIN, in the event that the Debtor's prior bankruptcy filing in In re Vannesa Elisa Ly (2:16-bk-16171-VZ) on May 10, 2016, resulted in adverse consequences to the Debtor or defendant, LIN.

**19702 Cameron Avenue, Covina CA 91724**

41.    The Plaintiff is informed and believes and thereon alleges that on or about May 13, 2016, approximately 2 weeks after the Holt Avenue Property was sold, and three days after the Debtor's initial bankruptcy filing, HOLT purchased the real property located at 19702 Cameron Avenue, Covina CA 91724.  ("Cameron Property") The Plaintiff is informed and believes that funds used by HOLT to purchase the Cameron Property were the same funds received from the sale of the Holt Avenue Property and the Fraudulent Transfers.

42.    Plaintiff is informed and believes and thereon alleges that the Cameron Property was purchased for a sale price of $1,299,000.  Plaintiff is further informed and believes and thereon alleges that HOLT obtained a loan which was secured by a first position deed of trust in favor of PSG Capital Partners, Inc. for $780,000.  Accordingly, Plaintiff is informed and believes and thereon alleges that the Cameron Property had approximately $500,000 in equity at the time HOLT purchased it.

43.    Plaintiff is informed and believes and thereon alleges that on or about December 27, 2016, LIN recorded a deed of trust for a purported obligation of $1,200,000 in favor of JUVA INVESTMENTS.  ("CAMERON LIEN") The deed of trust reflects that JUVA INVESTMENTS is both the trustee and beneficiary.  (A true and correct copy of the deed of trust is attached hereto as **Exhibit "M"** and incorporated herein by this reference.)

44.    Plaintiff is informed and believes and thereon alleges that the CAMERON LIEN is a fake protection lien that was recorded by LIN and the Debtor for the purpose of protecting the equity in the Cameron Property from the Debtor's creditors and the Trustee. Plaintiff is further informed and believes that the Trustee's investigation into the Debtor's affairs additionally precipitated the recording of the CAMERON LIEN

### 15805 - 15809 Edna Place, Baldwin Park, California 91706

45.    Plaintiff is informed and believes and thereon alleges that the real property located at 15805 – 15809 Edna Place, Baldwin Park, California 91706 ("Edna Property") is owned by KAI INDUSTRIES, and is a commercial building. Plaintiff is informed and believes and thereon alleges that the Debtor is the agent for service of process for KAI INDUSTRIES. (True and correct copies of the Articles of Organization filed on July 19, 2011 and the Statement of Information filed on December 2, 2016 are attached hereto as **Exhibit "N"** and incorporated herein by this reference.)

46.    Plaintiff is informed and believes and thereon alleges that on or about December 27, 2016, LIN recorded a deed of trust for a purported obligation of $600,000 in favor of JUVA INVESTMENTS. ("EDNA LIEN") The deed of trust reflects that JUVA INVESTMENTS is both the trustee and beneficiary. (A true and correct copy of the deed of trust is attached hereto as **Exhibit "O"** and incorporated herein by this reference.)

47.    Plaintiff is informed and believes and thereon alleges that the EDNA LIEN is a fake protection lien that was recorded by LIN and the Debtor for the purpose of protecting the equity in the Edna Property from the Debtor's creditors and the Trustee. Plaintiff is further informed and believes that the Trustee's investigation into the Debtor's affairs additionally precipitated the recording of the EDNA LIEN, which was recorded the same day as the CAMERON LIEN.

### 329 W. Spring Street, Long Beach, California 90806

48.    Plaintiff is informed and believes and thereon alleges that the real property located at 329 W. Spring Street in Long Beach, California 90806 ("Spring Property") is owned by GOLDEN PACIFIC. Plaintiff is informed and believes and thereon alleges that defendant LIN and two other insiders of the Debtor, Meng Hak Cheam and Chheng Sok Ngo, transferred the Spring Property to GOLDEN PACIFIC for no consideration in a grant deed recorded on September 4, 2014. (A true and

1    correct copy of the grant deed is attached hereto as **Exhibit "P"** and incorporated herein by this

2    reference.)

3        49.    Plaintiff is informed and believes and thereon alleges that despite the transfer of the

4    Spring Property to GOLDEN PACIFIC, a corporation wholly owned by the Debtor, defendant LIN

5    continued to remain personally liable on a deed of trust secured against the Spring Property recorded

6    on August 10, 2012.  (A true and correct copy of the August 10, 2012 deed of trust is attached hereto

7    as **Exhibit "Q** and incorporated herein by this reference.)

8

9                                    **III.**

10                            **FIRST CLAIM FOR RELIEF**

11                          **(11 U.S.C. §§ 105, 541, 542)**

12    **(For Turnover and Accounting of Property of the Estate Against All Defendants and DOES 1 -**

13                                    **50)**

14        50.    Plaintiff refers to the allegations set forth in paragraph 1 through 49 hereof and

15    incorporates said allegations herein as if fully set forth hereat.

16        51.    The Debtor has a legal or equitable interest in CORPRO SERVICES as of the

17    commencement of her bankruptcy proceeding.  All interests of the Debtor in CORPRO SERVICES

18    as of the commencement of the case are under the sole, equal, or joint management of the Debtor, or

19    CORPRO SERVICES is liable for an allowable claim against the Debtor, or for an allowable claim

20    against the Debtor.  Accordingly, Plaintiff is entitled to a judgment requiring the turnover of

21    CORPRO SERVICES and all property owned or controlled by CORPRO SERVICES, and an

22    accounting of all funds or property derived from CORPRO SERVICES.

23        52.    The Debtor has a legal or equitable interest in GOLDEN PACIFIC as of the

24    commencement of her bankruptcy proceeding.  All interests of the Debtor in GOLDEN PACIFIC as

25    of the commencement of the case are under the sole, equal, or joint management of the Debtor, or

26    GOLDEN PACIFIC is liable for an allowable claim against the Debtor, or for an allowable claim

27    against the Debtor.  Accordingly, Plaintiff is entitled to a judgment requiring the turnover of

28    GOLDEN PACIFIC and all property owned or controlled by GOLDEN PACIFIC, including the

1    Spring Property, and an accounting of all funds or property derived from GOLDEN PACIFIC.

2           53.    The Debtor has a legal or equitable interest in HOLT as of the commencement of her

3    bankruptcy proceeding.  All interests of the Debtor in HOLT as of the commencement of the case are

4    under the sole, equal, or joint management of the Debtor, or HOLT is liable for an allowable claim

5    against the Debtor, or for an allowable claim against the Debtor.  Accordingly, Plaintiff is entitled to

6    a judgment requiring the turnover of HOLT and all property owned or controlled by HOLT, including

7    the Cameron Property and an accounting of all funds or property derived from HOLT.

8           54.    The Debtor has a legal or equitable interest in JUVA INVESTMENTS as of the

9    commencement of her bankruptcy proceeding.  All interests of the Debtor in JUVA INVESTMENTS

10   as of the commencement of the case are under the sole, equal, or joint management of the Debtor, or

11   JUVA INVESTMENTS is liable for an allowable claim against the Debtor, or for an allowable claim

12   against the Debtor.  Accordingly, Plaintiff is entitled to a judgment requiring the turnover of JUVA

13   INVESTMENTS and all property owned or controlled by JUVA INVESTMENTS, including the

14   CAMERON LIEN and EDNA LIEN, and an accounting of all funds or property derived from JUVA

15   INVESTMENTS, the CAMERON LIEN and EDNA LIEN.

16          55.    The Debtor has a legal or equitable interest in DEXTER as of the commencement of

17   her bankruptcy proceeding.  All interests of the Debtor in DEXTER as of the commencement of the

18   case are under the sole, equal, or joint management of the Debtor, or DEXTER is liable for an

19   allowable claim against the Debtor, or for an allowable claim against the Debtor.  Accordingly,

20   Plaintiff is entitled to a judgment requiring the turnover of DEXTER and all property owned or

21   controlled by DEXTER, and an accounting of all funds or property derived from DEXTER.

22          56.    The Debtor has a legal or equitable interest in KAI INDUSTRIES as of the

23   commencement of her bankruptcy proceeding.  All interests of the Debtor in KAI INDUSTRIES as

24   of the commencement of the case are under the sole, equal, or joint management of the Debtor, or

25   KAI INDUSTRIES is liable for an allowable claim against the Debtor, or for an allowable claim

26   against the Debtor.  Accordingly, Plaintiff is entitled to a judgment requiring the turnover of KAI

27   INDUSTRIES and all property owned or controlled by KAI INDUSTRIES, including the Edna

28   Property, and an accounting of all funds or property derived from KAI INDUSTRIES.

57.   The Debtor has a legal or equitable interest in CAMERON as of the commencement of her bankruptcy proceeding.  All interests of the Debtor in CAMERON as of the commencement of the case are under the sole, equal, or joint management of the Debtor, or CAMERON is liable for an allowable claim against the Debtor, or for an allowable claim against the Debtor.  Accordingly, Plaintiff is entitled to a judgment requiring the turnover of CAMERON and all property owned or controlled by CAMERON, and an accounting of all funds or property derived from CAMERON.

58.   The Debtor has a legal or equitable interest in JUVA, INC. as of the commencement of her bankruptcy proceeding.  All interests of the Debtor in JUVA, INC as of the commencement of the case are under the sole, equal, or joint management of the Debtor, or JUVA, INC. is liable for an allowable claim against the Debtor, or for an allowable claim against the Debtor.  Accordingly, Plaintiff is entitled to a judgment requiring the turnover of JUVA, INC and all property owned or controlled by JUVA, INC, and an accounting of all funds or property derived from JUVA, INC.

59.   The Debtor has a legal or equitable interest in Dexter Property as of the commencement of her bankruptcy proceeding.  All interests of the Debtor in the Dexter Property as of the commencement of the case are under the sole, equal, or joint management of the Debtor, or the Dexter Property is liable for an allowable claim against the Debtor, or for an allowable claim against the Debtor.  Accordingly, Plaintiff is entitled to a judgment requiring the turnover of the Dexter Property and an accounting of all funds or property derived from the Dexter Property.

**IV.**

**SECOND CLAIM FOR RELIEF**

**(For Avoidance of Constructive Fraudulent Transfers Under 11 U.S.C. §544(b) and California Civil Code §§ 3439.05 and 3439.07-09 against Defendants 1438 EAST HOLT, LLC and BRAD LIN)**

60.   Plaintiff refers to the allegations set forth in paragraphs 1 through 59 hereof and incorporates said allegations herein as if fully set forth hereat.

61.   Within four years prior to the Petition Date, the Debtor made the Fraudulent Transfers without receiving a reasonably equivalent value in exchange for the Fraudulent Transfers.

62.    The Debtor was insolvent on the date the Fraudulent Transfers were made or became insolvent as a result of the Fraudulent Transfers.

63.    The Plaintiff is informed and believes that defendants LIN and HOLT did not take possession of the Holt Avenue Property in good faith and for a reasonably equivalent value, and took possession thereof with knowledge of the voidability of the Fraudulent Transfers.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections 3439.05 and 3439.07-09, and Plaintiff is entitled to a judgment against HOLT and LIN for the value of the Debtor's interest in the Holt Avenue Property that was fraudulently transferred.

### V.

### THIRD CLAIM FOR RELIEF

**(For Avoidance of Constructive Fraudulent Transfers Under 11 U.S.C. §544(b) and California Civil Code §§ 3439.04(a)(2)(A) and 3439.07-09 against Defendants 1438 EAST HOLT, LLC and BRAD LIN)**

64.    Plaintiff refers to the allegations set forth in paragraphs 1 through 59 hereof and incorporates said allegations herein as if fully set forth hereat.

65.    Within four years prior to the Petition Date, the Debtor made the Fraudulent Transfers without receiving a reasonably equivalent value in exchange for the Fraudulent Transfers.

66.    The Debtor was engaged in or was about to be engaged in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

67.    The Plaintiff is informed and believes that defendants LIN and HOLT did not take possession of the Holt Avenue Property in good faith and for a reasonably equivalent value, and took possession thereof with knowledge of the voidability of the Fraudulent Transfers.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections 3439.04(a)(2)(A) and 3439.07-09, and Plaintiff is entitled to a judgment against HOLT and LIN for the value of the Debtor's interest in the Holt Avenue Property that was fraudulently transferred.

## VI.

### FOURTH CLAIM FOR RELIEF

**(For Avoidance of Constructive Fraudulent Transfers Under 11 U.S.C. §544(b) and California Civil Code §§ 3439.04(a)(2)(B) and 3439.07-09 against Defendants 1438 EAST HOLT, LLC and BRAD LIN)**

68.     Plaintiff refers to the allegations set forth in paragraphs 1 through 59 hereof and incorporates said allegations herein as if fully set forth hereat.

69.     Within four years prior to the Petition Date, the Debtor made the Fraudulent Transfers without receiving a reasonably equivalent value in exchange for such Fraudulent Transfers.

70.     The Debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

71.     The Plaintiff is informed and believes that defendants LIN and HOLT did not take possession of the Holt Avenue Property in good faith and for a reasonably equivalent value, and took possession thereof with knowledge of the voidability of the Fraudulent Transfers.  Therefore, the Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections 3439.04(a)(2)(B) and 3439.07-09, and Plaintiff is entitled to a judgment against HOLT and LIN for the value of the Debtor's interest in the Holt Avenue Property that was fraudulently transferred.

## VII.

### FIFTH CLAIM FOR RELIEF

**(For Avoidance of Actual Fraudulent Transfers Under 11 U.S.C. §544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.07-09 against Defendants 1438 EAST HOLT, LLC and BRAD LIN)**

72.     Plaintiff refers to the allegations set forth in paragraphs 1 through 59 hereof and incorporates said allegations herein as if fully set forth hereat.

73.     Within four years prior to the Petition Date, the Debtor made the Fraudulent Transfers with the actual intent to hinder, delay or defraud any creditor of the Debtor.

74.     The Plaintiff is informed and believes that defendants LIN and HOLT did not take

possession of the Holt Avenue Property in good faith and for a reasonably equivalent value, and took

possession thereof with knowledge of the voidability of such Fraudulent Transfers.  Therefore, the

Fraudulent Transfers are avoidable under Section 544(b) and California Civil Code sections

3439.04(a)(1) and 3439.07-09, and Plaintiff is entitled to a judgment against HOLT and LIN for the

value of the Debtor's interest in the Holt Avenue Property that was fraudulently transferred.

### VIII.

### SIXTH CLAIM FOR RELIEF

**(For Recovery of Avoided Transfer or Value Thereof Under 11 U.S.C. §550 against Defendants**

**1438 EAST HOLT, LLC and BRAD LIN)**

75.     Plaintiff refers to the allegations set forth in paragraphs 1 through 59 hereof and

incorporates said allegations herein as if fully set forth hereat.

76.     Plaintiff is entitled to not only avoid the Fraudulent Transfer, but also to recover the

assets of the Debtor or the value thereof under Section 550(a) for the benefit of the Estate from

Defendants HOLT and LIN.

### IX.

### SEVENTH CLAIM FOR RELIEF

**(11 U.S.C. §105)**

**(For Declaratory Relief against All Defendants and DOES 1-50)**

77.     Plaintiff refers to the allegations set forth in paragraphs 1 through 59 hereof and

incorporates said allegations herein as if fully set forth hereat.

78.     An actual controversy exists as to whether, as of the date of the filing of this

Complaint, whether CORPRO SERVICES, GOLDEN PACIFIC, HOLT, JUVA INVESTMENTS,

DEXTER, KAI INDUSTRIES, CAMERON, Holt Avenue Property, Dexter Property, Cameron

Property, Edna Property, Spring Property, CAMERON LIEN and EDNA LIEN are property of the

Debtor's bankruptcy estate.

79.     Plaintiff requests a declaration of this Court that CORPRO SERVICES, GOLDEN

PACIFIC, HOLT, JUVA INVESTMENTS, DEXTER, KAI INDUSTRIES, CAMERON, Holt

Avenue Property, Dexter Property, Cameron Property, Edna Property, Spring Property, CAMERON

LIEN and EDNA LIEN are property of the Debtor's bankruptcy estate.

## X.

## EIGHTH CLAIM FOR RELIEF

### (For Conversion against defendant BRAD LIN and DOES 1- 50)

80.     Plaintiff refers to the allegations set forth in paragraphs 1 through 59 hereof and
incorporates said allegations herein as if fully set forth hereat.

81.     Plaintiff is informed and believes and thereon alleges that defendant LIN wrongfully
exercised control over property of the estate.

82.     The DEBTOR ENTITIES, Holt Avenue Property, Dexter Property, Cameron Property,
Edna Property, Spring Property, CAMERON LIEN and EDNA LIEN are property of the Debtor's
bankruptcy estate.

83.     Defendant LIN and DOES 1 – 50 intentionally and substantially interfered with the
estate's rights to the The DEBTOR ENTITIES, Holt Avenue Property, Dexter Property, Cameron
Property, Edna Property, Spring Property, CAMERON LIEN and EDNA LIEN by misappropriating,
transferring, dissipating, using and otherwise preventing the estate from obtaining possession of such
property.

84.     As a consequence of defendant LIN and DOES 1 - 50's conversion of the DEBTOR
ENTITIES, Holt Avenue Property, Dexter Property, Cameron Property, Edna Property, Spring
Property, CAMERON LIEN and EDNA LIEN, the estate was damaged in a sum to be determined at
trial, plus prejudgment interest and exemplary and punitive damages, and defendant LIN and DOES 1
- 50's conduct was a substantial factor in causing the estate harm.

///

///

///

## XI.

### NINTH CLAIM FOR RELIEF

**(For Conspiracy to Defraud against Defendants BRAD LIN, VANNESA LY and DOES 1 – 50 under 11 U.S.C. §105(a).)**

85.     Plaintiff refers to the allegations set forth in paragraph 1 through 84 hereof and incorporates said allegations herein as if fully set forth hereat.

86.     Plaintiff is informed and believes, and thereon alleges, that at all times material herein mentioned each of the Defendants was the agent of each of the remaining Defendants, and in doing the things herein alleged, acted within the course and scope of such agency.

87.     Plaintiff is informed and believes, and thereon alleges, that at all times material herein, Defendants LIN and LY and DOES 1 - 50, and each of them, knowingly and willingly conspired and agreed among themselves to hinder, frustrate, delay or defraud the Debtor's creditors and the Trustee by, including but not limited to, engaging in the Fraudulent Transfers, creating JUVA INVESTMENTS, CAMERON and JUVA, INC., recording the CAMERON LIEN and EDNA LIEN, without the consent or knowledge of the Trustee or the Debtor's creditors, and such acts were done to wrongfully enrich the Defendants, and dilute the amount of property that could be liquidated for the benefit of the Debtor's creditors.

88.     Plaintiff is informed and believes, and thereon alleges, that at all times material herein, that engaging in the Fraudulent Transfers, creating JUVA INVESTMENTS, CAMERON and JUVA, INC., recording the CAMERON LIEN and EDNA LIEN, was carried out in furtherance of the conspiracy to hinder, delay, frustrate and defraud the Debtor's creditors and the Trustee and made with intentional malice, oppression and fraud. ("Conspiracy")

89.     As a proximate result of the Conspiracy, Plaintiff has been damaged in at least the amount to be determined at trial and the attorney fees and costs that will be incurred by the estate in this Adversary Proceeding. Accordingly, Plaintiff seeks to recover from the defendants the amount thereof, prejudgment interest on these amounts, and all other consequential and punitive damages and sanctions as determined by the Court.

### XII.

### TENTH CLAIM FOR RELIEF

### (For Breach of Implied Agreement against Defendant BRAD LIN)

90.     Plaintiff refers to the allegations set forth in paragraph 1 through 89 hereof and incorporates said allegations herein as if fully set forth hereat.

91.     Plaintiff is informed and believes and thereon alleges that defendant LIN was and is the nonmarital cohabitant of the Debtor.

92.     Based on the conduct and actions of defendant LIN and the Debtor, an implied partnership agreement was created whereby defendant LIN and the Debtor agreed to share earnings, property and acquisitions obtained by the both of them and entities controlled by them, including the DEBTOR ENTITIES, and to financially support each other as parents of their joint child, KAI. ("Implied Contract")

93.     At all times relevant herein, defendant LIN and Debtor knew or had substantial reason to know, that all assets acquired by the both of them would used to support each other

94.     Based on the intentional failure to include the DEBTOR ENTITIES as assets in the Debtor's bankruptcy, defendant LIN breached the Implied Contract with the Debtor, and the Debtor's estate was substantially harmed as a consequence of the breach of the Implied Contract.

95.     As a proximate and direct result of defendant LIN's breach of the Implied Contract, Plaintiff has been damaged in an amount to be determined at trial, and entitled to a judgment against defendant LIN, including prejudgment interest and all other consequential damages.

### XIII.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1.     For a judgment against Defendants Brad Lin, Vannesa Ly, Corpro Services, Inc., Golden Pacific Investment, Inc., 1438 East Holt, LLC, Juva Investments, LLC, 1504 East Dexter, LLC, Kai Industries, LLC, KKL Cameron, LLC, and Juva, Inc. requiring

1    a turnover and accounting of all property, including the Holt Avenue Property,

2    Cameron Property, Dexter Property, Edna Property, Spring Property, CAMERON

3    LIEN and the EDNA LIEN.

4    **ON THE SECOND THROUGH SIXTH CLAIMS FOR RELIEF:**

5    2.    For a judgment against Defendants Brad Lin and 1438 East Holt, LLC avoiding and

6    recovering the value of the Fraudulent Transfers.

7    **ON THE SEVENTH CLAIM FOR RELIEF**

8    3.    For a declaration that Corpro Services, Inc., Golden Pacific Investment, Inc., 1438

9    East Holt, LLC, Juva Investments, LLC, 1504 East Dexter, LLC, Kai Industries, LLC,

10    KKL Cameron, LLC, Juva, Inc., Holt Avenue Property, Cameron Property, Dexter

11    Property, Edna Property, Spring Property, CAMERON LIEN and EDNA LIEN are

12    property of the Debtor's bankruptcy estate

13    **ON THE EIGHTH CLAIM FOR RELIEF**

14    4.    For a judgment against Defendant Brad Lin according to proof.

15    5.    For punitive and exemplary and consequential damages and prejudgment interest

16    against Defendant Brad Lin.

17    **ON THE NINTH CLAIM FOR RELIEF**

18    6.    For a judgment against Defendants Brad Lin and Vannesa Ly according to proof.

19    7.    For punitive and exemplary and consequential damages, sanctions, attorneys' fees and

20    prejudgment interest against Defendants Brad Lin and Vannesa Ly.

21    **ON THE TENTH CLAIM FOR RELIEF**

22    8.    For a judgment against Defendant Brad Lin according to proof.

23    9.    For punitive and exemplary and consequential damages and prejudgment interest

24    against Defendant Brad Lin.

25    **ON ALL CLAIMS FOR RELIEF**

26    10.    For prejudgment interest;

27    11.    For costs of suit herein incurred; and

28    12.    For such other and further relief as the court may deem just and proper.

1

2

3    Dated: May 11, 2017                        DUMAS & KIM, APC

4                                               By: _____

5                                                   Christian T. Kim, Attorneys for Plaintiff and
                                                    Chapter 7 Trustee, Sam S. Leslie
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

# EXHIBIT "A"

23



| N |

## State of California
### Secretary of State

### Statement of Information
(Domestic Nonprofit, Credit Union and General Cooperative Corporations)

**Filing Fee: $20.00. If this is an amendment, see Instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**FE19656**

# FILED

In the office of the Secretary of State
of the State of California

**JUN-13 2016**

1. **CORPORATE NAME**

CORPRO SERVICES INC.

2. **CALIFORNIA CORPORATE NUMBER**
   C3459260

This Space for Filing Use Only

**Complete Principal Office Address** (Do not abbreviate the name of the city. Item 3 cannot be a P.O. Box.)

3. STREET ADDRESS OF PRINCIPAL OFFICE IN CALIFORNIA, IF ANY · CITY · STATE · ZIP CODE

15855 EDNA PLACE 11 B, IRWINDALE, CA 91706

4. MAILING ADDRESS OF THE CORPORATION · CITY · STATE · ZIP CODE

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

5. CHIEF EXECUTIVE OFFICER/ · ADDRESS · CITY · STATE · ZIP CODE

VANNESA  LY   15855 EDNA PLACE, IRWINDALE, CA 91706

6. SECRETARY · ADDRESS · CITY · STATE · ZIP CODE

VANNESA ELISA LY   15855 EDNA PLACE, IRWINDALE, CA 91706

7. CHIEF FINANCIAL OFFICER/ · ADDRESS · CITY · STATE · ZIP CODE

VANNESA ELISA LY   15855 EDNA PLACE, IRWINDALE, CA 91706

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 9 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 9 must be left blank.

8. NAME OF AGENT FOR SERVICE OF PROCESS [Note: The person designated as the corporation's agent MUST have agreed to act in that capacity prior to the designation.]

MENG HAK CHEAM

9. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL · CITY · STATE · ZIP CODE

13519 FOSTER AVE, BALDWIN PARK, CA 91706

**Common Interest Developments**

10. ☐ Check here if the corporation is an association formed to manage a common interest development under the Davis-Stirling Common Interest Development Act, (California Civil Code section 4000, et seq.) or under the Commercial and Industrial Common Interest Development Act, (California Civil Code section 6500, et seq.). The corporation must file a Statement by Common Interest Development Association (Form SI-CID) as required by California Civil Code sections 5405(a) and 6760(a). Please see instructions on the reverse side of this form.

11. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| 06/13/2016 | VANNESA ELISA LY | PRESIDENT | |
| --- | --- | --- | --- |
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

SI-100 (REV 01/2016) · APPROVED BY SECRETARY OF STATE

# EXHIBIT "B"

# EXHIBIT "B"



**This page is part of your document - DO NOT DISCARD**



## 20131430718



Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/03/13 AT 08:00AM**

| | |
|---|---:|
| FEES: | 25.00 |
| TAXES: | 2,640.00 |
| OTHER: | 0.00 |
| PAID: | 2,665.00 |



L E A D S H E E T



201310031020002

00008389215



005812507

SEQ:
18

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

t60

RECORDING REQUESTED BY:
First American Title Company

AND WHEN RECORDED MAIL TO:

Brad Lin and Vannesa Ly
13519 Foster Avenue
Baldwin Park, CA 91706



10/03/2013

*20131430718*

---

THIS SPACE FOR RECORDER'S USE ONLY

Title Order No.: 4424555                                              Escrow No.: 016751-05

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $2,640 00**
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area    [X] City of Covina AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Rio S. Ong and Lillian Shaw Ong, Husband and Wife as Community Property**

hereby GRANT(s) to:

**Brad Lin and Vannesa Ly, Husband and Wife as Joint Tenants**

the real property in the City of Covina, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as:  1438 East Holt Avenue, Covina, CA
AP#: 8448-019-047

DATED July 26, 2013
STATE OF CALIFORNIA
COUNTY OF        Los Angeles
On            September 9, 2013
before me,          Vickie V. Hua        ,
A Notary Public personally appeared
Jonathan Ong and Lillian Shaw Ong

Rio S. Ong  ; BY JONATHAN ONG (ATTY IN FACT)

Lillian Shaw Ong

who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

VICKIE V. HUA
Commission # 2031091
Notary Public - California
Los Angeles County
My Comm. Expires Jul 24, 2017

Signature

(Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

18F



Order Number: 4424555
Page Number: 7

# $\mathcal{EX}.A$

**LEGAL DESCRIPTION**

Real property in the City of Covina, County of Los Angeles, State of California, described as follows:

LOT 2 OF TRACT 43208 IN THE CITY OF COVINA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 1067, PAGE(S) 34-36 OF MAPS.

APN: 8448-019-047

Anyta P

# ILLEGIBLE NOTARY SEAL DECLARATION

## GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary _____ VICKIe V. Hua

Date Commission Expires _____ JUl. 24 . 17

Notary Identification Number _____ 2031091
(For Notaries commissioned after 1-1-1992)

Manufacturer/Vendor Identification Number _____ NNVM
(For Notaries commissioned after 1-1-1992)

Place of Execution of this Declaration _____ Brea

Date _____ 10/02/13

Anyta P / DPS Agent

Page 1

# EXHIBIT "C"

# EXHIBIT "C"

**This page is part of your document - DO NOT DISCARD**



# 20131542454



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/29/13 AT 01:41PM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |



**L E A D S H E E T**



201310290040028

00008490856



005862829

**SEQ:**
**02**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

31

RECORDING REQUESTED BY:
The undersigned

AND WHEN RECORDED MAIL TO:

Brad Lin, Zion S. Lin and Lena Lenita Lin

1438 EAST HOLT AVE.
COVINA CA 91724

THIS SPACE FOR RECORDER'S USE ONLY:

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $0.00**
[  ] computed on full value of property conveyed, or
[  ] computed on full value less value of liens or encumbrances remaining at time of sale.
[  ] Unincorporated area    [X]  City of Covina  AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Brad Lin and Vannesa Ly, Husband and Wife**

hereby GRANT(s) to:

**Brad Lin, a Married Man, as his sole and separate property, as to an undivided 60.0000% interest and Zion S. Lin and Lena Lenita Lin, Husband and Wife a Joint Tenants, as to an undivided 40.0000% interest, all as Tenants in Common**

the real property in the City of Covina, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as:  1438 East Holt Avenue, Covina, CA
AP#: 8448-019-047
"This is a bonafide gift and the grantor received nothing in return, R&T 11911."

DATED October 7, 2013
STATE OF CALIFORNIA
COUNTY OF _Los Angeles_                      Brad Lin
On _October 28, 2013_
before me, _Olga Tian_
A Notary Public personally appeared
_Brad Lin and Vannesa Ly_                      Vannesa Ly
who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

OLGA TIAN
Commission # 1976560
Notary Public - California
Los Angeles County
My Comm. Expires Apr 19, 2016

Signature _Olga Tian_                              (Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

File Number:     4424555

**Exhibit "A"**

**Legal Description**

A.P.N.: 8448-019-047

Real property in the City of Covina, County of Los Angeles, State of California, described as follows:

LOT 2 OF TRACT 43208 IN THE CITY OF COVINA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 1067, PAGE(S) 34-36 OF MAPS.

4424555                                        1 of 1

# EXHIBIT "D"

# EXHIBIT "D"



**This page is part of your document - DO NOT DISCARD**



## 20141103212



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/20/14 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 25.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 25.00 |



LEADSHEET



201410200120013

00009749386



006452426

**SEQ:**
**10**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T60

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Brad Lin
13519 Foster Avenue
Baldwin Park, CA 91706



10/20/2014

*20141103212*

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 8448-019-047                                        File No.: OSA-4748228 (JH)

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX $**NONE**; CITY TRANSFER TAX $**NONE**;

[   X   ]   computed on the consideration or full value of property conveyed, OR

[   .   ]   computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,

[       ]   unincorporated area;  [ **X** ] City of Covina, and

[   X   ]   Exempt from transfer tax; Reason: **This conveyance corrects the names of the Grantee/Grantor who continue to hold the same interest, aquired on 10/03/13 as instrument # 2013430718 and October 29, 2013 as instrument # 13-1542454**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**Brad Lin, an unmarried man and Vannesa Ly, an unmarried woman who erroneously aquired title as Brad Lin and Vannesa Ly, husband and wife as joint tenants**

hereby GRANT(s) to  **Brad Lin, an unmarried man, as to an undivided 60.000% interest and Zion S. Lin and Lena Lenita Lin, Husband and wife as joint tenants as to an undivided 40.000% interest, all as tenants in common**

the following described property in the City of **Covina**, County of **Los Angeles**, State of **California**:

> **LOT 2 OF TRACT NO. 43208, AS PER MAP RECORDED IN BOOK 1067, PAGE(S) 34-36 OF MAPS,**

Mail Tax Statements To:  **SAME AS ABOVE**

36

Grant Deed - continued

Date: **10/15/2014**

3

A.P.N.: 8448-019-047                                   File No.: OSA-4748228 (JH)

Dated: __October 15, 2014__

_____          _____
**Brad Lin**                              **Vannesa Ly**

STATE OF _California_            )SS
COUNTY OF _Los Angeles_         )

On _October 16, 2014_____, before me, _Norma A. Cajas_____, Notary
Public, personally appeared _Brad Lin, Vannesa Ly_
_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _Norma A. Cajas_

My Commission Expires: _Nov. 8, 2017_          *This area for official notarial seal*

NORMA A. CAJAS
COMM. #2048411
Notary Public - California
LOS ANGELES COUNTY
My Comm. Exp. Nov. 8, 2017

Page 2 of 2

# EXHIBIT "E"

# EXHIBIT "E"



**This page is part of your document - DO NOT DISCARD**



## 20150026550



**Pages:**
**0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/09/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 25.00 |



**L E A D S H E E T**

201501090120010

00010045884

006587208

**SEQ:**
**16**

**DAR - Title Company (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

t60

39



01/09/2015

*20150026550*

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL**
1438 East Holt Avenue LLC
964 E. Badillo #114
Covina, CA 91724

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 8448-019-047                    File No.: OSA-4748228 (WS)

# GRANT DEED

*No consideration*
*grantor /grantee hold the*
*same*
*proportionate*
*interest*

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX **$0.00**; CITY TRANSFER TAX **$0.00**;
[ **X** ]  computed on the consideration or full value of property conveyed, OR
[    ]  computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
[    ]  unincorporated area;  [ **X** ] City of **Covina**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Brad Lin, an unmarried man, as to an undivided 60.0000% interest and Zion S. Lin and Lena Lenita Lin, husband and wife as joint tenants, as to an undivided 40.0000% interest, all as tenants in common**

hereby GRANTS to **1438 East Holt Avenue LLC**

the following described property in the City of **Covina**, County of **Los Angeles**, State of **California**:

   **LOT 2 OF TRACT NO. 43208, AS PER MAP RECORDED IN BOOK 1067, PAGE(S) 34-36 OF MAPS,**

   "The grantors and the grantees in this conveyance
are comprised of the same parties who continue to hold the same
proportionate interest in the property, R & T 11923(d)."

Mail Tax Statements To:  **SAME AS ABOVE**

16E

Grant Deed - continued

Date: **01/07/2015**

A.P.N.: 8448-019-047

File No.: OSA-4748228 (WS)

Dated: **January 07, 2015**

Brad Lin

Zion S. Lin

Lena Lenita Lin

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF  California    )SS
COUNTY OF  Los Angeles  )

On  1-07-2015  , before me,  Thomas Montaghami  , Notary Public, personally appeared  Brad Lin and Zion S. Lin and Lena Lenita Lin  , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  Thomas Montaghami

THOMAS MONTAGHAMI
COMM. #2030221
Notary Public - California
Orange County
My Comm. Expires July 19, 2017

*This area for official notarial seal*

Case 2:17-ap-01271-SK    Doc 1    Filed 05/11/17    Entered 05/11/17 11:56:13    Desc
Main Document    Page 44 of 91

# EXHIBIT "F"

# EXHIBIT "F"

| LLC-1 | **Articles of Organization**<br>**of a Limited Liability Company (LLC)** | **2014 35110602** |
|---|---|---|

To form a limited liability company in California, you can fill out this form, and submit for filing along with:

– A **$70 filing fee.**

– A separate, non-refundable **$15 service fee** also must be included, if you **drop off** the completed form.

**Important!** LLCs in California may have to pay a minimum **$800 yearly tax** to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

LLCs may not provide "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

Note: *Before submitting the completed form, you should consult with a private attorney for advice about your specific business needs.*

**FILED**
Secretary of State
State of California

**DEC 15 2014**

This Space For Office Use Only

**For questions about this form, go to** *www.sos.ca.gov/business/be/filing-tips.htm.*

**LLC Name** (List the proposed LLC name exactly as it is to appear on the records of the California Secretary of State.)

① **1438 EAST HOLT AVENUE LLC**

*Proposed LLC Name* — The name **must** include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and **may not** include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company. For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**Purpose**

② The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**LLC Addresses**

③ a. **1438 EAST HOLT AVENUE** **COVINA** **CA 91724**
*Initial Street Address of Designated Office in CA - Do not list a P.O. Box* — *City (no abbreviations)* — *State* — *Zip*

b. **964 E. BADILLO, #114** **COVINA** **CA 91724**
*Initial Mailing Address of LLC, if different from 3a* — *City (no abbreviations)* — *State* — *Zip*

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your LLC is sued. You may list any adult who lives in California. You may **not** list an LLC as the agent. **Do not** list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

④ a. **JIMMY CHIM**
*Agent's Name*

b. **964 E. BADILLO, #114** **COVINA** **CA 91724**
*Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box* — *City (no abbreviations)* — *State* — *Zip*

**Management** (Check only one.)

⑤ The LLC will be managed by:

[✓] One Manager   [ ] More Than One Manager   [ ] All Limited Liability Company Member(s)

This form must be signed by each organizer. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are made part of these articles of organization.

▶ _____
*Organizer - Sign here*

**JIMMY CHIM**
*Print your name here*

| Make check/money order payable to: **Secretary of State**<br>Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | **By Mail**<br>Secretary of State<br>Business Entities, P.O. Box 944228<br>Sacramento, CA 94244-2280 | **Drop-Off**<br>Secretary of State<br>1500 11th Street., 3rd Floor<br>Sacramento, CA 95814 |
|---|---|---|

Corporations Code §§ 17701.04, 17701.08, 17701.13, 17702.01, Revenue and Taxation Code § 17941
LLC-1 (REV 01/2014)

43

2014 California Secretary of State
www.sos.ca.gov/business/be

# EXHIBIT "G"

# EXHIBIT "G"



This page is part of your document - **DO NOT DISCARD**



# 20150666715

Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/05/15 AT 04:08PM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 25.00 |



**L E A D S H E E T**



201506053240060

00010674842



006877213

**SEQ:
01**

**DAR - Courier (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**



Recording Requested By:

**1504 EAST DEXTER LLC**

When recorded mail document to:

NAME

1504 EAST DEXTER LLC
C/O JIMMY CHIM
964 E. BADILLO, #114
COVINA, CA 91724

06/05/2015

*20150666715*

Above Space for Recorder's Use Only

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $ _-0- (PER R&T 11911)

CITY TAX    $_____

☒ computed on full value of property conveyed, or
☐ computed on full value of items or encumbrances remaining at time of sale,
☒ Unincorporated area ☒ City of ___COVINA___ and

FOR A FULL VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

BRAD LIN, an unmarried man

hereby GRANT(s) to __1504 EAST DEXTER LLC, a California limited liability company__

the following described real property in the City of ___COVINA___ County

of __LOS ANGELES__, State of California:

Legal description per Exhibit "A", attached hereto and made a part hereof
Property commonly known as 1504 E. Dexter Street, Covina, CA 91724

"This is a bonafide gift and the grantor received nothing in return R&T
11911"

Dated: November 11, 2014

Brad Lin

STATE OF NEVADA
COUNTY OF CLARK} SS.

On __11/11/2014__ before me, __Vanny Ly__ a Notary Public,
personally appeared __BRAD LIN__ who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/their/
her authorized capacity (ies), and that by his/her/their signatures(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Nevada that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(SEAL)
VANNY LY
Notary Public, State of Nevada
Appointment No. 08-109691-1
My Appt. Expires Nov 12, 2014

MAIL TAX STATEMENTS TO ADDRESS AS SHOWN ABOVE

46

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COVINA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THAT PORTION OF LOT 2 IN BLOCK 2 AS SHOWN ON MAP OF PARTITION OF THE HOLENBACK RANCH, IN THE CITY OF COVINA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2, PAGE 39 OF RECORDS OF SURVEYS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY., DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE WESTERLY LINE OF SAID LOT 2 WITH THE SOUTHERLY LINE OF TRACT NO. 22063, AS PER MAP RECORDED IN BOOK 619, PAGE 77 OF MAPS, IN THE SAID COUNTY RECORDERS OFFICE; THENCE SOUTHERLY ALONG SAID WESTERLY LINE OF SAID LOT 2 A DISTANCE OF 379 FEET TO A POINT, SAID POINT BEING IN THE NORTHERLY LINE OF PUENTE STREET, 66 FEET WIDE; THENCE EASTERLY ALONG SAID PUENTE STREET A DISTANCE OF 160 FEET; THENCE NORTHERLY PARALLEL WITH SAID WESTERLY LIEN OF SAID LOT 2, A DISTANCE OF 379 FEET TO SAID SOUTHERLY LINE OF TRACT NO. 22063; THENCE WESTERLY ALONG SAID SOUTHERLY LINE OF SAID TRACT NO. 22063; A DISTANCE OF 160 FEET TO THE POINT OF BEGINNING.

PARCEL 2:

AN EASEMENT FOR DOMESTIC WATER PURPOSES OVER THAT PORTION OF LOT 2 IN BLOCK 2 AS SHOWN ON MAP OF PARTITION OF THE HOLENBACK RANCH, IN THE CITY OF COVINA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2, PAGE 39 OF RECORD OF SURVEYS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
DESCRIBED AS FOLLOWS:

BEGINNING INTERSECTION OF THE WESTERLY LINE OF SAID LOT 2 WITH THE SOUTHERLY LINE OF TRACT NO. 22063 AS PER MAP RECORDED IN BOOK 619, PAGE 77 OF MAPS, IN THE COUNTY OF RECORDERS OFFICE; THENCE SOUTHERLY ALONG SAID WESTERLY LINE OF SAID LOT 2 A DISTANCE OF 379 FEET TO A POINT; SAID POINT BEING IN THE NORTHERLY LINE OF PUENTE STREET 66 FEET WIDE; THENCE EASTERLY ALONG SAID PUENTE STREET A DISTANCE OF 160 FEET; THENCE NORTHERLY PARALLEL WITH SAID WESTERLY LINE OF SAID LOT 2 A DISTANCE OF 209 FEET TO THE TRUE POINT OF BEGINNING FOR THIS DESCRIPTION; THENCE EASTERLY PARALLEL WITH SAID NORTHERLY LINE OF PUENTE STREET A DISTANCE OF 9.50 FEET THENCE NORTHERLY PARALLEL WITH SAID WESTERLY LINE OF SAID LOT 2 A DISTANCE OF 170 FEET TO SAID SOUTHERLY LINE OF TRACT NO. 22063; THENCE WESTERLY ALONG SAID SOUTHERLY LINE OF TRACT NO. 22063 A DISTANCE OF 9.50 FEET TO A LINE THAT IS PARALLEL WITH SAID WESTERLY LINE OF LOT 2, AND PASSES THROUGH THAT SAID POINT OF BEGINNING; THENCE SOUTHERLY ALONG SAID PARALLEL LINE A DISTANCE OF 170 FEET TO THE TRUE POINT OF BEGINNING.

APN: 8426-006-035

# EXHIBIT "H"

# EXHIBIT "H"

| **LLC-1** | **Articles of Organization**<br>**of a Limited Liability Company (LLC)** |

## 2014 35110615

To form a limited liability company in California, you can fill out this form, and submit for filing along with:

- A **$70** filing fee.
- A separate, non-refundable **$15** service fee also must be included, if you **drop off** the completed form.

*Important!* LLCs in California may have to pay a minimum **$800** yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

LLCs may not provide "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

Note: *Before submitting the completed form,* you should consult with a private attorney for advice about your specific business needs.

**FILED** *IE*
Secretary of State
State of California
*NA*

**DEC 1 5 2014**

*IPC*

This Space For Office Use Only

**For questions about this form, go to *www.sos.ca.gov/business/be/filing-tips.htm.***

**LLC Name** (List the proposed LLC name exactly as it is to appear on the records of the California Secretary of State.)

① **1504 EAST DEXTER LLC**

*Proposed LLC Name*

The name must include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and **may not** include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company. For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**Purpose**

② The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**LLC Addresses**

③ a. **1504 EAST DEXTER STREET**     **COVINA**    **CA**   **91724**

*Initial Street Address of Designated Office in CA - Do not list a P.O. Box*    *City (no abbreviations)*   *State*   *Zip*

   b. **964 E. BADILLO, #114**     **COVINA**    **CA**   **91724**

*Initial Mailing Address of LLC, if different from 3a*    *City (no abbreviations)*   *State*   *Zip*

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your LLC is sued. You may list any adult who lives in California. You may **not** list an LLC as the agent. **Do not** list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

④ a. **JIMMY CHIM**

*Agent's Name*

   b. **964 E. BADILLO, #114**     **COVINA**    **CA**   **91724**

*Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box*    *City (no abbreviations)*   *State*   *Zip*

**Management** (Check only one.)

⑤ The LLC will be managed by:

[✓] One Manager     [ ] More Than One Manager     [ ] All Limited Liability Company Member(s)

This form must be signed by each organizer. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are made part of these articles of organization.

▶ *(signature)*         **JIMMY CHIM**

*Organizer - Sign here*         *Print your name here*

| Make check/money order payable to: **Secretary of State**<br>Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee.. | ***By Mail***<br>Secretary of State<br>Business Entities, P.O. Box 944228<br>Sacramento, CA 94244-2280 | ***Drop-Off***<br>Secretary of State<br>1500 11th Street., 3rd Floor<br>Sacramento, CA 95814 |

# EXHIBIT "I"

# EXHIBIT "I"

**This page is part of your document - DO NOT DISCARD**



## 20170046068



**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**01/11/17 AT 03:51PM**

| | | |
|---|---|---|
| FEES: | | 41.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 41.00 |



**L E A D S H E E T**



201701113330053

**00013227779**



008075325

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E200820

RECORDING REQUESTED BY

Provident Title Company

WHEN RECORDED MAIL TO

Brad Lin
19702 Cameron Avenue
Covina, CA 91724

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

---

RECORDING REQUESTED BY:
First American Title Company

WHEN RECORDED MAIL TO:
Brad Lin
19702 Cameron Avenue
Covina, CA 91724

TITLE ORDER NO: TOR -5355622(
TO)

ASSESSOR'S PARCEL NO.: 8426-006-035          ESCROW NO.: 16-25750-MN

# GRANT DEED

The Undersigned Grantor(s) Declares that Documentary transfer tax is $ 0.00 and CITY TAX IS $0.00
(x) computed on full value of property conveyed,  OR
( ) computed on the full value less liens of encumbrances remaining at the time of sale

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged: *"The grantor and grantees*
**1504 East Dexter LLC, A California Limited Liability Company** *in this conveyance are comprised*
*of the same parties who continue to hold*
hereby GRANT(S) to **Brad Lin, an unmarried man** *the same proportionate interest in the property*
*R&T 11925"*

The following real property in the City of Covina, County of Los Angeles, State of California:

described as:  See Attached. Exhibit 'A', made a part hereof

More commonly known as:  1504 East Dexter Street, Covina, CA 91724
**Date: 1/03/2017**

| | |
|---|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. | 1504 East Dexter LLC, A California Limited Liability Company |
| | By : Brad Lin, President |

STATE OF CALIFORNIA          )
COUNTY OF _Los Angeles_  )

On _January 5 2017_ before me,
_Lissett C. Acuna_, a notary public, Personally
appeared _Brad Lin_

Lissett C. Acuna
Comm. #2158275
Notary Public California
Los Angeles County
Comm. Expires July 9, 2020

who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument  and acknowledged to me that he/she/they
executed  the  same in his/her/their authorized capacity(ies),
and  that by his/her/their signature(s) on the instrument the
person(s) or the entity upon behalf of which the  person(s)
acted, executed the instrument.
**I certify under PENALTY OF PERJURY under  the laws of
the State of California that  the foregoing paragraph is true
and correct.**

Witness my hand and official seal.

Signature _____          (This area for official notarial seal)

Mail Tax statements  to the above address:

EXHIBIT "A"

PARCEL 1:

THAT PORTION OF LOT 2 IN BLOCK 2 AS SHOWN ON MAP OF PARTITION OF THE HOLLENBECK RANCH, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2, PAGE 39 OF RECORDS OF SURVEYS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE WESTERLY LINE OF SAID LOT 2 WITH THE SOUTHERLY LINE OF TRACT NO. 22063, AS PER MAP RECORDED IN BOOK 619, PAGE 77 OF MAPS, IN THE SAID COUNTY RECORDERS OFFICE; THENCE SOUTHERLY ALONG SAID WESTERLY LINE OF SAID LOT 2 A DISTANCE OF 379 FEET TO A POINT, SAID POINT BEING IN THE NORTHERLY LINE OF PUENTE STREET, 66 FEET WIDE; THENCE EASTERLY ALONG SAID PUENTE STREET A DISTANCE OF 160 FEET; THENCE NORTHERLY PARALLEL WITH SAID WESTERLY LIEN OF SAID LOT 2, A DISTANCE OF 379 FEET TO SAID SOUTHERLY LINE OF TRACT NO. 22063; THENCE WESTERLY ALONG SAID SOUTHERLY LINE OF SAID TRACT NO. 22063; A DISTANCE OF 160 FEET TO THE POINT OF BEGINNING.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, WHERE THEY HAVE BEEN PREVIOUSLY RESERVED IN INSTRUMENTS OF RECORD.

PARCEL 2:

AN EASEMENT FOR DOMESTIC WATER PURPOSES OVER THAT PORTION OF LOT 2 IN BLOCK 2 AS SHOWN ON MAP OF PARTITION OF THE HOLENBACK RANCH, IN THE CITY OF COVINA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 2, PAGE 39 OF RECORD OF SURVEYS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
DESCRIBED AS FOLLOWS:

BEGINNING INTERSECTION OF THE WESTERLY LINE OF SAID LOT 2 WITH THE SOUTHERLY LINE OF TRACT NO. 22063 AS PER MAP RECORDED IN BOOK 619, PAGE 77 OF MAPS, IN THE COUNTY OF RECORDERS OFFICE; THENCE SOUTHERLY ALONG SAID WESTERLY LINE OF SAID LOT 2 A DISTANCE OF 379 FEET TO A POINT; SAID POINT BEING IN THE NORTHERLY LINE OF PUENTE STREET 66 FEET WIDE; THENCE EASTERLY ALONG SAID PUENTE STREET A DISTANCE OF 160 FEET; THENCE NORTHERLY PARALLEL WITH SAID WESTERLY LINE OF SAID LOT 2 A DISTANCE OF 209 FEET TO THE TRUE POINT OF BEGINNING FOR THIS DESCRIPTION; THENCE EASTERLY PARALLEL WITH SAID NORTHERLY LINE OF PUENTE STREET A DISTANCE OF 9.50 FEET THENCE NORTHERLY PARALLEL WITH SAID WESTERLY LINE OF SAID LOT 2 A DISTANCE OF 170 FEET TO SAID SOUTHERLY LINE OF TRACT NO. 22063; THENCE WESTERLY ALONG SAID SOUTHERLY LINE OF TRACT NO. 22063 A DISTANCE OF 9.50 FEET TO A LINE THAT IS PARALLEL WITH SAID WESTERLY LINE OF LOT 2, AND PASSES THROUGH THAT SAID POINT OF BEGINNING; THENCE SOUTHERLY ALONG SAID PARALLEL LINE A DISTANCE OF 170 FEET TO THE TRUE POINT OF BEGINNING.

ASSESSOR'S PARCEL NUMBER: 8426-006-035

# ILLEGIBLE NOTARY SEAL DECLARATION

## GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary _____Lissett  c. Acuna_____

Date Commission Expires _____7/9/2020_____

Notary Identification Number _____2158275_____
                          (For Notaries commissioned after 1-1-1992)

Manufacturer/Vendor Identification Number _____DPE1_____
                          (For Notaries commissioned after 1-1-1992)

Place of Execution of this Declaration _____BREA_____

Date _____1/10/2017_____

County where bond is filed _____Los Angeles_____

_____
DPS – Agent

55

# EXHIBIT "J"

# EXHIBIT "J"

| LLC-1 | Articles of Organization of a Limited Liability Company (LLC) |
|---|---|

To form a limited liability company in California, you can fill out this form, and submit for filing along with:

- A **$70** filing fee.
- A separate, non-refundable **$15** service fee also must be included, if you **drop off** the completed form.

**Important!** LLCs in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

LLCs may not provide "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

Note: *Before submitting the completed form, you should consult with a private attorney for advice about your specific business needs.*

**2 0 1 6 1 2 6 1 0 3 4 4**

**FILED** ρ⁵¹
Secretary of State ⑤
State of California

**APR 2 9 2016**

ιcc
This Space For Office Use Only  ᴼᵖ

**For questions about this form, go to www.sos.ca.gov/business/be/filing-tips.htm.**

**LLC Name** (List the proposed LLC name exactly as it is to appear on the records of the California Secretary of State.)

① **Juva Investments, LLC**
      *Proposed LLC Name*         The name must include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and **may not** include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company.   For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**Purpose**

② The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**LLC Addresses**

③ a. **15855 E. Edna, Irwindale, CA, Suite 25**                              **CA  91706**
      *Initial Street Address of Designated Office in CA - Do not list a P.O. Box*       *City (no abbreviations)*       *State*   *Zip*

   b. _____
      *Initial Mailing Address of LLC, if different from 3a*       *City (no abbreviations)*       *State*   *Zip*

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your LLC is sued.  You may list any adult who lives in California.  You may **not** list an LLC as the agent.  **Do not** list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

④ a. **Justin G. Lynch**
      *Agent's Name*

   b. **15855 E. Edna, Irwindale, Suite 25**                              **CA  91706**
      *Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box*   *City (no abbreviations)*   *State*   *Zip*

**Management** (Check only one.)

⑤ The LLC will be managed by:
   [✓] One Manager      [ ] More Than One Manager      [ ] All Limited Liability Company Member(s)

This form must be signed by each organizer.  If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11").  All attachments are made part of these articles of organization.

▶ _____                    **Justin G. Lynch**
   *Organizer - Sign here*                              *Print your name here*

| Make check/money order payable to: **Secretary of State** Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | **By Mail** Secretary of State Business Entities, P.O. Box 944228 Sacramento, CA 94244-2280 | **Drop-Off** Secretary of State 1500 11th Street, 3rd Floor Sacramento, CA 95814 |
|---|---|---|

# EXHIBIT "K"

# EXHIBIT "K"

| **ARTS-GS** | **Articles of Incorporation of a General Stock Corporation** |
| --- | --- |

3902702

To form a **general stock corporation** in California, you can fill out this form or prepare your own document, and submit for filing along with:

- A **$100 filing fee**.

- A separate, non-refundable **$15 service fee** also must be included, if you **drop off** the completed form or document.

***Important!*** Corporations in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

Note: *Before submitting the completed form,* you should consult with a private attorney for advice about your specific business needs.

 

**FILED** JAW
**Secretary of State**
**State of California**
**APR 2 9 2016**
illl

This Space For Office Use Only

**For questions about this form, go to** *www.sos.ca.gov/business/be/filing-tips.htm.*

**Corporate Name**  (List the proposed corporate name.  Go to www.sos.ca.gov/business/be/name-availability.htm for general corporate name requirements and restrictions.)

① The name of the corporation is  JUVA, Inc.

**Corporate Purpose**

② The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

**Service of Process**  (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your corporation is sued.  You may list any adult who lives in California.  You may not list your own corporation as the agent.  Do not list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

③ a.  Justin Lynch
    *Agent's Name*

   b.  15855 E. Edna, Suite 25, Irwindale,                                      CA  91706
       *Agent's Street Address (if agent is **not** a corporation) - Do not list a P.O. Box*   *City (no abbreviations)*   *State*   *Zip*

**Corporate Addresses**

④ a.  15855 E. Edna, Suite 25, Irwindale, CA 91706
       *Initial Street Address of Corporation - Do not list a P.O. Box*   *City (no abbreviations)*   *State*   *Zip*

   b.  _____
       *Initial Mailing Address of Corporation, if different from 4a*   *City (no abbreviations)*   *State*   *Zip*

**Shares**  (List the number of shares the corporation is authorized to issue.  Note:  Before shares of stock are sold or issued, the corporation must comply with the Corporate Securities Law of 1968 administered by the California Department of Business Oversight.  For more information, go to www.dbo.ca.gov or call the California Department of Business Oversight at (866) 275-2677.)

⑤ This corporation is authorized to issue only one class of shares of stock.

   The total number of shares which this corporation is authorized to issue is  _____ 10000 _____.

This form must be signed by each incorporator.  If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11").  All attachments are made part of these articles of incorporation.

▶  _____        Justin G. Lynch
   *Incorporator - Sign here*                *Print your name here*

| Make check/money order payable to: Secretary of State | **By Mail** | **Drop-Off** |
| --- | --- | --- |
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State<br>Business Entities, P.O. Box 944260<br>Sacramento, CA 94244-2600 | Secretary of State<br>1500 11th Street, 3rd Floor<br>Sacramento, CA 95814 |

# EXHIBIT "L"

# EXHIBIT "L"

| **LLC-1** | **Articles of Organization of a Limited Liability Company (LLC)** |
|---|---|

To form a limited liability company in California, you can fill out this form, and submit for filing along with:

- A **$70** filing fee.
- A separate, non-refundable **$15** service fee also must be included, if you **drop off** the completed form.

**Important!** LLCs in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

LLCs may not provide "professional services," as defined by California Corporations Code sections 13401(a) and 13401.3.

Note: Before submitting the completed form, you should consult with a private attorney for advice about your specific business needs.

**2 0 1 6 1 2 6 1 0 3 4.1**

**FILED**
Secretary of State
State of California

**APR 2 9 2016**

This Space For Office Use Only

**For questions about this form, go to www.sos.ca.gov/business/be/filing-tips.htm.**

**LLC Name**  (List the proposed LLC name exactly as it is to appear on the records of the California Secretary of State.)

① KKL Cameron, LLC
— Proposed LLC Name —

The name must include: LLC, L.L.C., Limited Liability Company, Limited Liability Co., Ltd. Liability Co. or Ltd. Liability Company; and may not include: bank, trust, trustee, incorporated, inc., corporation, or corp., insurer, or insurance company.  For general entity name requirements and restrictions, go to www.sos.ca.gov/business/be/name-availability.htm.

**Purpose**

② The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the California Revised Uniform Limited Liability Company Act.

**LLC Addresses**

③ a. 15855 E. Edna, Irwindale, CA, Suite 25 _____ CA 91706
Initial Street Address of Designated Office in CA - Do not list a P.O. Box          City (no abbreviations)          State    Zip

b. _____
Initial Mailing Address of LLC, if different from 3a          City (no abbreviations)          State    Zip

**Service of Process**  (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your LLC is sued.  You may list any adult who lives in California.  You may **not** list an LLC as the agent.  **Do not** list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

④ a. Justin G. Lynch
Agent's Name

b. 15855 E. Edna, Irwindale, Suite 25 _____ CA 91706
Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box          City (no abbreviations)          State    Zip

**Management**  (Check only one.)

⑤ The LLC will be managed by:

[✓] One Manager      [ ] More Than One Manager      [ ] All Limited Liability Company Member(s)

This form must be signed by each organizer.  If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11").  All attachments are made part of these articles of organization.

▶ _____          Justin G. Lynch
Organizer - Sign here                Print your name here

| Make check/money order payable to: **Secretary of State** Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | **By Mail** Secretary of State Business Entities, P.O. Box 944228 Sacramento, CA 94244-2280 | **Drop-Off** Secretary of State 1500 11th Street., 3rd Floor Sacramento, CA 95814 |
|---|---|---|

# EXHIBIT "M"

# EXHIBIT "M"

**This page is part of your document - DO NOT DISCARD**



## 20161644678

Pages:
0008

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/27/16 AT 03:52PM**

| | |
|---|---|
| FEES: | 61.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 61.00 |



**L E A D S H E E T**



201612273310154

00013163636



008042108

**SEQ:
02**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E0IT210

RECORDING REQUESTED BY

**1438 EAST HOLT AVE LLC**

AND WHEN RECORDED MAIL TO:

19702 CAMERON AVE
COVINA .CA. 91724

MAIL TAX STATEMENTS TO:

**1438 EAST HOLT AVENUE LLC**
**19702 CAMERON AVE**
**COVINA .CA. 91724**

SPACE ABOVE FOR RECORDER'S USE ONLY

APN: 8277-030-008    Title Order #:        Escrow #:

### DEED OF TRUST WITH ASSIGNMENT OF RENTS (LONG FORM)

**THIS DEED OF TRUST**, made September 16, 2016, between **1438 EAST HOLT AVENUE LLC   BRAD LIN, MANAGER .,** herein called TRUSTOR whose address is 19702 CAMERON AVE, COVINA , CALIFORNIA, 91724, TRUSTEE AS JUVA INVESTMENTS, LLC   , herein called JUVA INVESTMENTS, LLC , whose address is 19702 CAMERON AVE .COVINA CA 91724 .    (Trustee)
(beneficiary )
WITNESSETH: That Trustor grants to Trustee in trust, with Power of Sale, that property in the City of LOS ANGELES, County of Los Angeles, State of California, described as:
Lot : 3. TRACT No. 3456   : Abbreviated Description : lot 3 .CITY : REGION/ CLUSTER 06/06146  TR# 3456  TRACT # 3456 LOT COM S 151 E 273 . 18 FTFROM MOST N COR OF LOT 3 TH. S 89 21 E 141. 48 .

SEE ATTACHED
Commonly known as: 19702 CAMERON AVE. COVINA. CA. 91724;  APN: 8277-030-008

Together with rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $1,200,000.000, with interest thereon according to the terms of a promissory note or notes of even date herewith made to Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2)the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A.   To protect the security of this Deed of Trust, Trustor agrees:

1)To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.   The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.   Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4)  To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all cost, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same is such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

Page 1 of 3

5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the

obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.  It is mutually agreed:

1)  That any award in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

3)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easements thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4)  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right; prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collecting of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of said having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for case in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply to proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8)That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or

Page 2 of 3

not named as Beneficiary herein.  In this Deed, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10)  Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address as shown above.

Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

If the Trustor/Grantor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

_Brad Lin_

**1438 EAST HOLT AVENUE  LLC,**
**BRAD LIN , MANAGER**

Dated:  9/20/2016

STATE OF CALIFORNIA

COUNTY OF  Los Angeles

On 9/20/16, before me, William Martinez, Notary Public, personally appeared Brad Lin, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Signature_   _____ (Notary Seal)

WILLIAM MARTINEZ
Commission # 2113794
Notary Public - California
Los Angeles County
My Comm. Expires Jun 1, 2019

Page 3 of 3

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_

On _9/20/2016_ before me, _William Martinez, a notary public_
(Insert Name of Notary Public and Title)

personally appeared _Brad Lin_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

WILLIAM MARTINEZ
Commission # 2113794
Notary Public - California
Los Angeles County
My Comm. Expires Jun 1, 2019

67

975703

ORDER·NO: 156354-91                                                                PAGE 3

4

EXHIBIT "ONE"

PARCEL 1:

THAT PORTION OF LOT 3, OF TRACT NO. 3546, IN THE COUNTY OF LOS ANGELES40, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 40, PAGE(S) 82 AND 83 OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST NORTHERLY CORNER OF SAID LOT 3; THENCE ALONG THE NORTHWESTERLY
LINE OF LOT 1 OF SAID TRACT, NORTH 38° 56' 00" WEST 19.21 FEET TO THE POINT OF CUSP OF CURVE,
TANGENT TO SAID NORTHEASTERLY LINE, CONCAVE SOUTHWESTERLY, AND HAVING A RADIUS OF 15.00
FEET; THENCE SOUTHWESTERLY AND SOUTHERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE
OF 41° 37' 54", AN ARC DISTANCE OF 16.90 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 2° 39' 54"
WEST 129.11 FEET; THENCE SOUTH 6° 16' 38" WEST 99.99 FEET; THENCE SOUTH 9° 43' 32" WEST 77.50
FEET; THENCE SOUTH 19° 47' 56" WEST 132.85 FEET; THENCE SOUTH 1° 35' 26" EAST 47.11 FEET TO THE
BEGINNING OF A TANGENT CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 60.00 FEET, SAID
CURVE BEING ALSO TANGENT AT THE EASTERLY TERMINUS TO A LINE THAT IS PARALLEL WITH AND
DISTANT 10.00 FEET SOUTHERLY, MEASURED AT RIGHT ANGLES, FROM A LINE THAT IS PARALLEL WITH
AND DISTANT 205.42 FEET NORTHERLY, MEASURED ALONG THE MOST WESTERLY LINE OF SAID LOT 3,
FROM THE SOUTHERLY LINE OF SAID LOT 3; THENCE SOUTHEASTERLY ALONG SAID CURVE, THROUGH
A CENTRAL ANGLE OF 31° 12' 11", AN ARC DISTANCE OF 32.68 FEET TO THE INTERSECTION THEREOF
WITH THE WESTERLY BOUNDARY OF LOT 3, THE INTERSECTION BEING THE TRUE POINT OF BEGINNING;
THENCE, ALONG THE WESTERLY BOUNDARY, NORTH 3° 03' 00" WEST 59.80 FEET TO AN ANGLE POINT IN
SAID WESTERLY BOUNDARY; THENCE, ALONG SAID BOUNDARY NORTH 26° 32' 00" EAST 190.14 FEET TO
AN ANGLE POINT IN SAID WESTERLY BOUNDARY; THENCE PARALLEL WITH THE SOUTHERLY LINE OF
SAID LOT 3, SOUTH 89° 21' 00" EAST 141.48 FEET; THENCE SOUTH 3° 03' 00" EAST 176.18 FEET; THENCE
SOUTH 20° 21' 30" WEST 74.20 FEET TO A POINT IN LINE; PARALLEL WITH AND DISTANT 205.42 FEET
NORTHERLY, MEASURED ALONG THE MOST WESTERLY LINE OF SAID LOT, FROM THE SOUTHERLY LINE
OF SAID LOT, DISTANT ALONG SAID PARALLEL LINE, SOUTH 89° 21' 00" EAST 206.00 FEET FROM THE
INTERSECTION THEREOF WITH SAID MOST, WESTERLY LINE; THENCE PARALLEL WITH SAID SOUTHERLY
LINE, NORTH 89° 21' 00" WEST 157.03 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE
NORTHEASTERLY HAVING A RADIUS OF 50.00 FEET, BEING CONCENTRIC WITH THAT CERTAIN CURVE
DESCRIBED ABOVE AS HAVING A RADIUS OF 60.00 FEET; THENCE NORTHWESTERLY ALONG SAID
CONCENTRIC CURVE, THROUGH A CENTRAL ANGLE OF 56° 33' 21", AN ARC DISTANCE OF 49.36 FEET TO
THE INTERSECTION THEREOF WITH A LINE, RADIAL TO SAID CURVE, WHICH IF PROLONGED
SOUTHWESTERLY, WOULD PASS THROUGH THE TRUE POINT OF BEGINNING; THENCE ALONG SAID
PROLONGED RADIAL LINE, SOUTH 57° 12' 21" WEST 10.00 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL 2:

AN EASEMENT FOR ROAD AND UTILITY PURPOSES, TO BE USED IN COMMON WITH OTHERS, OVER
THOSE PORTIONS OF LOTS 1 AND 3 OF TRACT NO. 3546, IN THE COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS SHOWN ON MAP RECORDED IN BOOK 40, PAGES 82 AND 83 OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS A WHOLE AS FOLLOWS:

BEGINNING AT THE MOST NORTHERLY CORNER OF SAID LOT 3; THENCE ALONG THE NORTHEASTERLY
LINE OF LOT 1 OF SAID TRACT, NORTH 38° 50' 00" WEST 19.21 FEET TO THE POINT OF CUSP OF A
CURVE, TANGENT TO SAID NORTHEASTERLY LINE, CONCAVE SOUTHWESTERLY, AND HAVING A RADIUS

03 2587018

9/5/03

ORDER NO: 155354-91                                                                PAGE 4

OF 15.00 FEET; THENCE SOUTHEASTERLY AND SOUTHERLY ALONG SAID CURVE, THROUGH A CENTRAL
ANGLE OF 41° 37' 54", AN ARC DISTANCE OF 18.90 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 2° 39'
54" WEST 129.11 FEET; THENCE SOUTH 6° 16' 38" WEST 99.99 FEET; THENCE SOUTH 9° 43' 32" WEST 77.50
FEET; THENCE SOUTH 19° 47' 56" WEST 132.85 FEET; THENCE SOUTH 1° 35' 28" EAST 47.11 FEET TO THE
BEGINNING OF A TANGENT CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 60.00 FEET, SAID
CURVE BEING ALSO TANGENT AT ITS EASTERLY TERMINUS TO A LINE THAT IS PARALLEL WITH A DISTANT
10.00 FEET SOUTHERLY, MEASURED AT RIGHT ANGLES, FROM A LINE THAT IS PARALLEL WITH AND
DISTANT 205.42 FEET NORTHERLY, MEASURED ALONG THE MOST WESTERLY LINE OF SAID LOT 3, FROM
THE SOUTHERLY LINE OF SAID LOT 3; THENCE SOUTHEASTERLY ALONG SAID CURVE, THROUGH A
CENTRAL ANGLE OF 87° 45' 32", AN ARC DISTANCE OF 91.91 FEET TO SAID POINT OF TANGENCY IN SAID
PARALLEL LINE; THENCE, PARALLEL WITH SAID SOUTHERLY LINE, SOUTH 89° 21' 00" EAST 322.31 FEET
TO A POINT DISTANT 10.00 FEET SOUTHERLY MEASURED AT RIGHT ANGLES FROM A POINT IN THE
EASTERLY PROLONGATION OF THE WESTERLY LINE OF THE LAND DESCRIBED IN PARCEL NO. 1 ABOVE,
DISTANT ALONG SAID EASTERLY PROLONGATION SOUTH 89° 21' 00" EAST 165.28 FEET FROM THE
SOUTHEAST CORNER OF LAND DESCRIBED IN SAID PARCEL NO. 1; THENCE SOUTHEASTERLY ALONG A
TANGENT CURVE CONCAVE SOUTHWESTERLY, HAVING A RADIUS OF 30.00 FEET, THROUGH A CENTRAL
ANGLE OF 48° 11' 23", AN ARC DISTANCE OF 25.23 FEET TO THE TERMINUS OF A REVERSE CURVE
CONCAVE WESTERLY, HAVING A RADIUS OF 30.00 FEET; THENCE EASTERLY, NORTHERLY AND
WESTERLY ALONG SAID REVERSE CURVE, THROUGH A CENTRAL ANGLE OF 276° 22' 46", AN ARC
DISTANCE OF 144.71 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE NORTHWESTERLY,
HAVING A RADIUS OF 30.00 FEET, SAID LAST MENTIONED REVERSE CURVE BEING TANGENT AT ITS
WESTERLY TERMINUS TO A LINE THAT IS PARALLEL WITH AND DISTANT 20.00 FEET NORTHERLY,
MEASURED AT RIGHT ANGLES, FROM THAT CERTAIN COURSE DESCRIBED ABOVE AS HAVING A BEARING
OF SOUTH 89° 21' 00" EAST AND A LENGTH OF 322.31 FEET; THENCE SOUTHWESTERLY AND WESTERLY
ALONG SAID REVERSE CURVE, THROUGH A CENTRAL ANGLE OF 48° 11' 23", AN ARC DISTANCE OF 25.23
FEET TO SAID POINT OF TANGENCY; THENCE PARALLEL WITH THE SOUTHERLY LINE OF SAID LOT 3,
NORTH 89° 21' 00" WEST 322.31 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE
NORTHEASTERLY, HAVING A RADIUS OF 40.00 FEET, SAID CURVE, BEING CONCENTRIC WITH THAT
CERTAIN CURVE DESCRIBED ABOVE AS HAVING A RADIUS OF 60.00 FEET; THENCE NORTHWESTERLY
ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 87° 45' 32", AN ARC DISTANCE OF 61.27 FEET;
THENCE TANGENT TO SAID CURVE, NORTH 1° 35' 28" WEST 49.33 FEET TO A LINE THAT IS PARALLEL
WITH AND DISTANT 20.00 FEET SOUTHEASTERLY, MEASURED AT RIGHT ANGLES FROM THAT CERTAIN
COURSE DESCRIBED ABOVE AS HAVING A BEARING OF SOUTH 19° 47' 56" WEST AND A LENGTH OF
132.85 FEET; THENCE NORTH 19° 47' 56" EAST 37.75 FEET TO THE WESTERLY BOUNDARY OF SAID LOT 3;
THENCE ALONG SAID WESTERLY BOUNDARY, NORTH 26° 32' 00" EAST 133.67 FEET TO AN ANGLE POINT
IN SAID BOUNDARY; THENCE, ALONG SAID WESTERLY BOUNDARY, NORTH 1° 51' 00" WEST 139.46 FEET;
THENCE NORTH 6° 16' 36" EAST 7.98 FEET; THENCE NORTH 2° 39' 54" EAST 39.83 FEET TO THE
BEGINNING OF A TANGENT CURVE CONCAVE SOUTHEASTERLY, HAVING A RADIUS OF 40.00 FEET, SAID
CURVE BEING ALSO TANGENT AT ITS EASTERLY TERMINUS TO THE NORTHERLY LINE OF SAID LOT 3;
THENCE NORTHEASTERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 113° 46' 12", AN ARC
DISTANCE OF 79.43 FEET TO SAID POINT OF TANGENCY IN SAID NORTHERLY LINE, SAID POINT OF
TANGENCY IN SAID NORTHERLY LINE BEING A POINT IN THAT CERTAIN CURVE IN SAID NORTHERLY LINE,
SHOWN ON SAID MAP AS BEING CONCAVE NORTHERLY, AND HAVING A RADIUS OF 195.00 FEET, A RADIAL
LINE OF CURVE TO SAID POINT BEARS SOUTH 26° 26' 06" WEST; THENCE NORTHWESTERLY ALONG SAID
CURVE IN SAID NORTHERLY LINE; THROUGH A CENTRAL ANGLE OF 24° 35' 54", AN ARC DISTANCE OF
83.71 FEET TO THE POINT OF BEGINNING.

03 2587018

9/5/03

ORDER.NO: 158354-91                                                PAGE 5

6

EXCEPT FROM THE ABOVE DESCRIBED PARCELS 1 AND 2, THE PRECIOUS METALS AND ORES THEREOF,
AS EXCEPTED IN THE PARTITION DEED BETWEEN WILLIAM WORKMAN AND JOHN ROWLAND, SR.,
RECORDED IN BOOK 10, PAGE 39 OF DEEDS.

03 2587018

# EXHIBIT "N"

# EXHIBIT "N"



**State of California**
**Secretary of State**

**Limited Liability Company**
**Articles of Organization**

LLC-1 | File # __201121010268__

FILED
In the Office of the Secretary of State
of the State of California

JUL 19 2011

**A $70.00 filing fee must accompany this form.**

**Important – Read instructions before completing this form.**

This Space For Filing Use Only

**Entity Name** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME OF LIMITED LIABILITY COMPANY

KAI INDUSTRIES, LLC

**Purpose** (The following statement is required by statute and should not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

**Initial Agent for Service of Process** (If the agent is an individual, the agent must reside in California and both items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).)

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

Vannesa Ly

4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA    CITY    STATE    ZIP CODE

13139 Ramona Avenue Suite H    Baldwin Park    CA    91706

**Management** (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

☐ ONE MANAGER

☐ MORE THAN ONE MANAGER

☑ ALL LIMITED LIABILITY COMPANY MEMBER(S)

**Additional Information**

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

**Execution**

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

7-18-11
DATE

SIGNATURE OF ORGANIZER

Michael A. Shann, Attorney
TYPE OR PRINT NAME OF ORGANIZER

LLC-1 (REV 04/2010)    72    APPROVED BY SECRETARY OF STATE

**201121010268**

KAI INDUSTRIES, LLC

ADDENDUM TO
LIMITED LIABILITY COMPANY
ARTICLES OF ORGANIZATION

ITEM NO. 6

The Organizer, Attorney Michael A. Shann, is not and will not be, a Member or Manager of the Company and will have no responsibility for any business or other activity of the Company.

73

16-505386

| **Secretary of State** **Statement of Information** (Limited Liability Company) | | LLC-12 | **FILED** Secretary of State State of California DEC 02 2016 |
|---|---|---|---|

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee - $20.00**

**Copy Fees** – Face Page $1.00 & .50 for each attachment page; Certification Fee - $5.00

This Space For Office Use Only

**1. Limited Liability Company Name**
KAI INDUSTRIES LLC

| **2. 12-Digit Secretary of State File Number** 201121010268 | **3. State or Place of Organization** (only if formed outside of California) CALIFORNIA |
|---|---|

**4. Business Addresses**

| a. Street Address of Principal Office - Do not list a P.O. Box 15855 EDNA PLACE  UNIT 25 | City (no abbreviations) IRWINDALE | State CA | Zip Code 91706 |
|---|---|---|---|
| b. Mailing Address of LLC, if different than Item 4a 15855 EDNA PLACE UNIT 25 | City (no abbreviations) IRWINDALE | State CA | Zip Code 91706 |
| c. Street Address of California Office, if Item 4a is not in California - Do not list a P.O. Box 15855 EDNA PLACE UNIT 25 | City (no abbreviations) IRWINDALE | State CA | Zip Code 91706 |

**5. Manager(s) or Member(s)**   If no *managers* have been appointed or elected, provide the name and address of each *member*. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b BRAD | Middle Name | Last Name LIN | Suffix |
|---|---|---|---|
| b. Entity Name - Do not complete item 5a | | | |
| c. Address 19702 CAMERON AVE | City (no abbreviations) COVINA | State CA | Zip Code 91724 |

**6. Agent for Service of Process**   Item 6a and 6b: If the agent is an individual, the agent must reside in California and Item 6a and 6b must be completed with the agent's name and California address. Item 6c: If the agent is a California Registered Corporate Agent, a current agent registration certificate must be on file with the California Secretary of State and Item 6c must be completed (leave Item 6a-6b blank).

| a. California Agent's First Name (if agent is not a corporation) VANNESA | Middle Name | Last Name LY | Suffix |
|---|---|---|---|
| b. Street Address (if agent is not a corporation) - Do not list a P.O. Box 13519 FOSTER AVE | City (no abbreviations) BALDWIN PARK | State CA | Zip Code 91706 |
| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b | | | |

**7. Type of Business**

| a. Describe the type of business or services of the Limited Liability Company PROPERTY MANAGEMENT |
|---|

**8. Chief Executive Officer, if elected or appointed**

| a. First Name BRAD | Middle Name | Last Name LIN | Suffix |
|---|---|---|---|
| b. Address 15855 EDNA PLACE  UNIT 25 | City (no abbreviations) IRWINDALE | State CA | Zip Code 91706 |

**9. The Information contained herein, including any attachments, is true and correct.**

| Date | Brad Lin Type or Print Name of Person Completing the Form | member Title | Brad Lin Signature |
|---|---|---|---|

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name: ⌐                        ⌐
Company:
Address:
City/State/Zip: ∟                        ⌐

LLC-12 (REV 07/2016)                    74                    2016 California Secretary of State
                                                              www.sos.ca.gov/business/be

# EXHIBIT "O"

# EXHIBIT "O"



**This page is part of your document - DO NOT DISCARD**



# 20161644677



Pages:
0006

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/27/16 AT 03:52PM**

| | |
|---|---|
| FEES: | 55.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 55.00 |



**L E A D S H E E T**



201612273310154

**00013163635**



008042108

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E017210

RECORDING REQUESTED BY

Kai Industries LLC

AND WHEN RECORDED MAIL TO:

15805  EDNA  PLACE
IRWINDALE CA 91706

MAIL TAX STATEMENTS TO:

KAI INDUSTRIES LLC
15855 E. EDNA PLACE, STE 25
IRWINDALE, CA 91706

APN: 8417-006-047   Title Order #:          Escrow #:

SPACE ABOVE FOR RECORDER'S USE ONLY

---

## DEED OF TRUST WITH ASSIGNMENT OF RENTS (LONG FORM)

THIS DEED OF TRUST, made November 25, 2016, between KAI INDUSTRIES LLC ., herein called TRUSTOR whose address is 15805 EDNA PLACE, SUITE 25, IRWINDALE, CALIFORNIA, 91706, JUVA INVESTMENTS, LLC , herein called JUVA INVESTMENTS, LLC , whose address is 940 E BADILLO AVE. UNIT 114. COVINA .CA. 91724.   (Trustee)        Beneficary

WITNESSETH: That Trustor grants to Trustee in trust, with Power of Sale, that property in the City of LOS ANGELES, County of Los Angeles, State of California, described as:
   SEE EXHIBIT " A "

   Commonly known as: 15805- 15859  EDNA PLACE .IRWINDALE .CA .91706;  APN: 8417-006-047

Together with rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $ 600,000.00, with interest thereon according to the terms of a promissory note or notes of even date herewith made to Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2)the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A.   To protect the security of this Deed of Trust, Trustor agrees:

1)To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2)  To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.   The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.   Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4)  To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all cost, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same is such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the

Page 1 of 3

obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.  It is mutually agreed:

1)  That any award in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

3)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easements thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4)  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right; prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collecting of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of said having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for case in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply to proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Page 2 of 3

Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

If the Trustor/Grantor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

_Brad Lin_

**KAI INDUSTRIES LLC ,**
**BRAD LIN, MANAGER**


Dated: _November 25, 2016_

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_

On _11/25/2016_ , before me, _William Martinez (Notary Public)_ personally appeared _Brad Lin_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_(signature)_ _____ (Notary Seal)
Signature

**WILLIAM MARTINEZ**
Commission # 2113794
Notary Public - California
Los Angeles County
My Comm. Expires Jun 1, 2019

Page 3 of 3

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California

County of _Los Angeles_

On _11/25/2016_ before me, _William Martinez,_ a notary
public
(Insert Name of Notary Public and Title)

personally appeared _Brad Lin_

who proved to me on the basis of satisfactory evidence to be the person(s) whose

name(s)/is/are subscribed to the within instrument and acknowledged to me that

he/she/they executed the same in his/her/their authorized capacity(ies), and that by

his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of

which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the

foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

WILLIAM MARTINEZ
Commission # 2113794
Notary Public - California
Los Angeles County
My Comm. Expires Jun 1, 2019

APN # 8417-006-047

**EXHIBIT A**
Legal Description

The land hereinafter referred to is situated in the City of Irwindale, County of Los Angeles, State of CA, and is described as follows:

Parcel A:

The Westerly 541.64 feet of Parcel 28, in the City of Irwindale, as shown on Record of Survey, filed in Book 66 Page 33 of Record of Surveys, in the Office of the County Recorder of said County.

Except that portion of said land included within the following described lines:

Beginning at a point in the center line of Irwindale Avenue, as shown on said record of survey that is distant thereon North 0 degree 08 minutes 45 seconds East 132.45 feet from the Southeast corner of the southeast quarter of the southwest quarter of Section 9, Township 1 South, Range 10 West, San Bernardino Base and Meridian; thence north 89 degrees 51 minutes 15 seconds west 50.00 feet to a point on a curve concave northwesterly and having a radius of 25.00 feet, a radial line from said last mentioned point bears north 89 degrees 51 minutes 15 seconds west; thence southerly, southwesterly and westerly along said curve through a central angle of 91 degrees 05 minutes 10 seconds an arc distance of 37.74 feet to a point from which a Radial line bears north 1 degree 13 minutes 55 seconds east, thence south 1 degree 13 minutes 55 seconds west 3.00 feet to a Line that is parallel with and distant northerly 70.00 feet, measured at right angles, from the southerly line of said Parcel 28; thence along said parallel line North 88 degrees 46 minutes 05 seconds west 658.70 feet to the westerly line of said Parcel 28; thence Along said westerly line south 0 degree 09 minutes 01 second West 70.00 feet to the southerly line of said Parcel 28; thence along said southerly line and its easterly prolongation South 88 degrees 46 minutes 05 seconds east to said center line of Irwindale Avenue; thence along said center line, north 0 degree 08 minutes 45 seconds east 99.44 feet to the point of beginning.

Parcel B:

An easement for right of way, road and utility purposes, as granted to S.V. Hunsaker & Sons, a corporation, by deed recorded September 23, 1960 in Book D984 Page 277, Official Records, over that portion of the southeast quarter of the southwest Quarter of Section 9, Township 1 South Range 10 West, San Bernardino Base and Meridian, according to the official plat of said land filed in the district land Office on April 21, 1877, described as follows:

Beginning at a point in the center line of Irwindale Avenue, as said center line is shown on a map filed in Book 66 Page 33 of Record of Surveys, in the Office of the County Recorder of said County, distant north 0 degree 08 minutes 45 seconds east thereon 132.45 feet from the southeast corner of said southeast quarter; thence north 89 degrees 51 minutes 15 seconds west 50.00 feet, to a point on a curve concave northwesterly and having a radius of 25.00 feet; a radial line from said last mentioned point bears north 89 degrees 51 minutes 15 seconds West; thence southerly, southwesterly and westerly along said curve, through a central angle of 91 degrees 05 minutes 10 seconds an arc distance of 39.74 feet to a point from which a radial line bears north 1 degree 13 minutes 55 seconds east; thence south 1 degree 13 minutes 55 seconds west 3.00 feet to a line that is parallel with and distant northerly 70.00 feet, measured at right angles, from the southerly line of parcel 28 as shown on said map filed in Book 66 Page 33 of record of surveys, thence westerly along said parallel line north 88 degrees 46 minutes 05 seconds west 658.70 feet to the westerly line of said parcel 28; thence southerly along said westerly line south 0 degree 09 minutes 01 second West 70.01 feet to said southerly line; thence Easterly along said southerly line and the easterly prolongation thereof to said center line of Irwindale Avenue; thence northerly along said centerline north 0 degree 08 minutes 45 seconds east 99.44 feet to the point of beginning.

Except therefrom that portion lying easterly of the west line of Irwindale Avenue, as described in the deed to the County of Los Angeles, recorded March 15, 1960 as Instrument No. 4003, in Book D782 Page 84, official records.

Said Parcel "B" is shown as a portion of Parcel 28 in a Record of Survey filed in Book 66 Page 33 of record of surveys, in the office of the County Recorder of said County.

APN: 8417-006-047

# EXHIBIT "P"

# EXHIBIT "P"



**This page is part of your document - DO NOT DISCARD**

## 20140929169





**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/04/14 AT 10:16AM**

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |



**L E A D S H E E T**

201409043330003

00009587111

006377527

**SEQ:**
**01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

E620311

83

RECORDING REQUESTED BY:

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

BRAD LIN
13519 FOSTER AVE
BALDWIN PARK.CA. 91706

APN : 7206-008-029                                    SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):          DOCUMENTARY TRANSFER TAX IS $   0

_____ Computed on full value of property conveyed, or

_____ Computed on full value less liens and encumbrances remaining at time of sale.

_XX_ EXEMPT (R&T CODE) 11930, TRANSFER TO ~~TRUST~~ FOR THE BENEFIT OF
GRANTOR/ GRANTEE AND NOT PURSUANT TO A SALE

For valuable consideration, receipt of which is hereby acknowledged,

BRAD LIN, single man and MENG HAK CHEAM, a single man, and CHHENG SOK NGO, a married woman as her sole and separate property. All as Joint Tenants.

hereby GRANT(S) to

GOLDEN PACIFIC INVESTMENT INC, A NEVADA CORPORATION

It's interest in the real property situated in the City of LONG BEACH, County of LOS ANGELES, State of California, more particularly described as follows:
Commonly known as:  329 WEST SPRING STREET. LONG BEACH.C.A 90813

THE EAST 37.5 FEET OF LOT 18 IN BLOCK 12 OF TRACT NO.3636, IN THE COTY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA , AS PER MAO RECORDED IN BOOK 53 PAGES 73 AND 74 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDED OF SAID COUNTY.

THIS IS A BONAFIDE GIFT AND GRANTOR RECEIVED NOTHING IN RETURN, R & T 11911 "

Dated:  September 3, 2014

_____
BRAD LIN

_____
MENG HAK CHEAM

_____
CHHENG SOK NGO

STATE OF NEVADA                    )
                                   ) SS.
COUNTY OF  Las Vegas               )

On SEPT 3. 2014 before me, VANNY LY _____, Notary Public, personally

appeared _____BRAD LIN. MENG_HAK CHEAM AND CHHENG SOK NGO,_____
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____

```
┌─────────────────────────────────┐
│              VANNY LY            │
│    Notary Public, State of Nevada│
│      Appointment No. 06-109691-1 │
│    My Appt. Expires Nov 12, 2014 │
└─────────────────────────────────┘
```

MAIL TAX STATEMENTS AS DIRECTED ABOVE

84

# EXHIBIT "Q"

# EXHIBIT "Q"



**This page is part of your document - DO NOT DISCARD**



## 20121190511



**Pages:**
**0004**

Recorded/Filed In Official Records
Recorder's Office, Los Angeles County,
California

**08/10/12 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 46.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 46.00 |



**L E A D S H E E T**



201208100110001

00006256038



004198318

**SEQ:**
**08**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

r09

E34M71

86

Old Republic Title Company - LA
Commercial - Subdivision Services

08/10/2012

*20121190511*

RECORDING REQUESTED BY
**James Dootson**

ORDER #
APN

WHEN RECORDED MAIL TO

Name    **James Dootson**
Street   **11629 Clark Street**
Address
City     **Arcadia, CA 91006**
State
Zip

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Deed of Trust and Assignment of Rents

This Deed of Trust, made this **1st**              day of **July 2012**                              , between

**BRAD LIN, MENG HAK CHEAN, CHHENG SOK NGO**

, herein called TRUSTOR,

whose address is **13519 Foster Avenue**          **Baldwin Park**          **CA**          **91706**
                  (number and street)              (city)              (state)       (zip)

**JAMES DOOTSON**                                            , herein called TRUSTEE, and
**DOOTSON PROPERTY MANAGEMENT LP**

, herein called BENEFICIARY,

Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,
that property in the City of   **Long Beach**                        , County of   **Los Angeles**
California, described as:
The East 37.5' of Lot 18 in Block 12 of Tract 3636, City of Long Beach, County of Los Angeles, State
of California as per map recorded in Book 53, Pages 73 and 74 of Maps in the office of the County
Recorder.

Commonly known as **329 W. Spring Street, Long Beach, CA 90806**

APN: 7206-008-029

Together With the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred
upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing:
1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date
herewith, and any extension or renewal thereof, in the principal sum of $          **150,000.00** executed by Trustor in favor of Beneficiary or
order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another
note (or notes) reciting it is so secured.

To Protect the Security of This Deed of Trust, Trustor Agrees:
(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good
and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and
materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to
commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate,
prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the
general.

2476 01919 87

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all incumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving onto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.



(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

BRAD LIN

MENG HAK CHEAN

CHHENG SOK NGO

## ACKNOWLEDGMENT

State of _Nevada_                        )

County of _Clark_                        )

On _7/21/2012_                before me, _Vanny Ly Notary Public_
                                                    (HERE INSERT NAME AND TITLE OF THE OFFICER)
personally appeared
_Brad Lin, Meng Hak Chean, Chheng Sok Ngo._
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

VANNY LY
Notary Public, State of Nevada
Appointment No. 06-109691-1
My Appt. Expires Nov 12, 2014

(Seal)

## PROCEDURES REGARDING TELEPHONIC APPEARANCES
## BEFORE THE HONORABLE SANDRA R. KLEIN

Telephonic appearances will be allowed in matters before Judge Sandra R. Klein in Courtroom 1575, <u>except</u> as follows:

1. Adversary proceeding initial status conferences and pretrial conferences (all counsel and all self-represented parties must appear in person).
2. Trials and evidentiary hearings (all counsel, all self-represented parties, and all witnesses must appear in person).
3. Chapter 11 status conferences (debtor's counsel or self-represented debtors must appear in person at every status conference; other parties in interest may appear telephonically).
4. Chapter 11 disclosure statement hearings and chapter 11 confirmation hearings (all counsel and all self-represented parties must appear in person).
5. Chapter 13 hearings (all counsel and all self-represented parties must appear in person).
6. Reaffirmation hearings (debtor and debtor's counsel (if applicable) must appear in person; other parties in interest may appear telephonically).
7. Any other matters for which the Court indicates that a personal appearance is required in a tentative ruling.

**All self-represented parties and all counsel must adhere to the following procedures and rules to appear telephonically:**

### 1. Standard Procedure

Telephonic appearances may be arranged by calling Court Call, (888-882-6878) an independent conference call company, by 2:00 p.m. the day before the hearing.

### 2. Emergency Procedure

If an unexpected emergency arises that prevents a self-represented party or counsel from following the "Standard Procedure," the self-represented party or counsel must contact chambers at (213) 894-7741 to request permission to arrange a telephonic appearance.

### 3. Rules during Telephonic Appearances; Waiver of Appearance

The following rules apply for a telephonic appearance:

    a. Parties appearing telephonically must use a landline with a handset or a headset.
    b. Parties appearing telephonically may not:
        i. Use a cellular phone.
        ii. Use a speakerphone.
        iii. Participate from any location with significant ambient noise.

**Any self-represented party or any counsel choosing to appear telephonically do so at their own risk. Hearings will not be rescheduled due to missed connections. The Court will not consider any excuses regarding why a connection was not made or why someone is not available when a particular matter is called. If the Court calls a matter**

and if a self-represented party or counsel does not respond, the self-represented party or counsel will be deemed to have consented to the granting or denial of the motion, whatever the case may be.  The Court will not entertain any requests for "second call" for anyone appearing telephonically.  Further, when a self-represented party or counsel appear telephonically, they agree to waive any prejudice attributable to resulting quality deficiencies or irregularities of the record.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Christian T Kim<br>Dumas & Assoc<br>3435 Wilshire Blvd Ste 990<br>Los Angeles, CA 90010<br><br>213-368-5000<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Vannesa Elisa Ly<br><br><br>                                         Debtor(s). | CASE NO.: 2:16-bk-22420-SK<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:17-ap-01271-SK |
|---|---|
| Sam S. Leslie<br><br>                              Plaintiff(s)<br>                    Versus<br>Brad Lin<br><br>**(See Attachment A for names of additional defendants)**<br>                              Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is 06/12/2017. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| Date: | **July 12, 2017** |
| Time: | **09:00 AM** |
| Hearing Judge: | **Sandra R. Klein** |
| Location: | **255 E Temple St., Crtrm 1575, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>May 11, 2017</u>

By: <u>    "s/" Earnestine Walter    </u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                          Page 2                          **F 7004−1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Sam S. Leslie | Brad Lin<br>Vannesa Elisa Ly<br>CORPRO SERVICES, INC., a California corporation<br>GOLDEN PACIFIC INVESTMENT, INC., a Nevada corporation<br>1438 EAST HOLT, LLC, a California limited liability company<br>JUVA INVESTMENTS, LLC, a California limited liability company<br>1504 EAST DEXTER, LLC, a California limited liability company<br>KAI INDUSTRIES, LLC, a California limited liability company<br>KKL CAMERON, LLC, a California limited liability company<br>JUVA INC., a California corporation<br>Vannesa Ly<br>Vannara Cheam<br>Vanny Ly |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004‒1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005‒2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                                          **F 7004‒1.SUMMONS.ADV.PROC**